CASE 35—PETITION ORDINARY—OCTOBER 29.

# London & Lancashire Fire Insurance Co. v. Turnbull & Co., &c.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. DOUBLE INSURANCE.—Where a policy of insurance provides that in case of any other insurance upon the property insured, "whether valid or invalid, * * * * the insured shall be entitled to recover of this company no greater proportion of loss sustained than the sum hereby insured bears to the whole amount insured," the insured is bound by the terms of the policy whether the additional insurance effected be valid or invalid, provided it is effected by the insured or by his authority and consent. Such a provision, however, does not apply to policies attempted to be thrust upon the assured by officious persons without his knowledge or consent, and which he repudiates.

2. AGENTS.—A policy of insurance issued by an agent without the knowledge or consent of either the insured or the company, is not binding upon the insured or the company.

3. SAME.—To authorize an agent of an insurance company to effect insurance by other companies, in the interest of his principal, upon property which his principal has insured, requires *special* authority from the principal.

4. SAME.—Where the same persons were agents of two companies, and attempted to effect insurance in one company upon property already insured in the other, ostensibly for the benefit of the insured, but in fact for the secret indemnity of the other principal, such conduct was incompatible with their trust duties as agents of both companies, and as between the companies their act was not binding.

5. CANCELLATION OF POLICY—NOTICE.—Where a policy of insurance provides that the insurance may be terminated at any time, at the option of the company, "on giving notice to that effect," a notice by the company to its agent to cancel the policy is not sufficient to effect a cancellation. The notice referred to is notice to the insured.

HARGIS & EASTIN FOR APPELLANT.

1. A contract of insurance may be complete without the payment of premium or issuing of policy. (Wood on Fire Insurance, sec. 20.)

2. Failure of assured to make proof of loss to one company will not release that company from liability to contribute to another company which pays the loss. (5 Insurance Law Journal, 664; Liverpool,

London & Lancashire Fire Insurance Co. v. Turnbull & Co., &c.

London & Globe Ins. Co. v. Vendier, &c., 33 Mich., 138; 6 Insurance Law Journal, 203.)

MARSHALL & LOCHRE AND BROWN, HUMPHREY & DAVIE FOR APPELLEES.

1. By provisions of policies in suit the right to contribution as co-sureties is destroyed between concurrent insurers. The assured can recover from each company only its proportion of the loss. (Lucas v. The Jefferson Ins. Co., 6 Cowan, 635; Haley v. The Dorchester New F. Ins. Co., 12 Gray, 551.)

2. The Court of Appeals will not consider errors of the trial court unless specifically pointed out in grounds for new trial. (Commonwealth v. Williams, 14 Bush, 299; Meaux v. Meaux, 81 Ky., 479.)

3. The verdict of the jury is not only not against the evidence but strictly in conformity with it.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees, R. B. Turnbull & Co., instituted suit in the Jefferson Court of Common Pleas against the appellant, on a policy of insurance issued by the appellant on the second day of January, 1884, to the appellees, R. B. Turnbull & Co., insuring the appellees' stock of goods against loss by fire in the sum of five thousand dollars. The appellees, R. B. Turnbull & Co., alleged that the value of the goods lost by fire amounted to eighteen thousand four hundred and ninety-three dollars; that the total amount of insurance thereon by the appellant and other companies was sixteen thousand five hundred dollars.

The appellant contested the appellees' right to recover upon the grounds, first, that the appellees did not sustain the loss alleged; second, that the policy sued on was canceled before the loss of the goods by fire occurred; third, that the appellees, by false swearing as to the amount of loss, forfeited their right to recover on the policy; fourth, that the action was not brought within the time agreed on by the terms of the policy;

fifth, that the appellees had insurance on the stock of goods in other companies, amounting to sixteen thousand five hundred dollars ; and that, by the terms of the policy sued on, the appellees could not recover a greater proportion of the loss sustained than the sum insured by the appellant bore to the whole amount insured on the goods.

By an amended answer, which was made a cross-petition against the appellees, the Louisville Underwriters and the Germania Insurance Companies, and the Manufacturers' Insurance Company (the latter was not served with process) the appellant alleged that on the eighth day of January, 1884, which was before the stock of goods was destroyed by fire, it gave its agents, Spaulding, Knott & Co., directions to cancel this policy, and another issued by the Royal Insurance Company to the appellees, Turnbull & Co., for two thousand five hundred dollars, which company was under the management of the appellant ; that said agents did proceed to cancel these policies ; that, at the same time, Spaulding, Knott & Co., they being also the agents of the appellees, the Louisville Underwriters' and the Germania Insurance Companies, and the Manufacturers' Insurance Company, in order to keep the appellees, Turnbull & Co., insured, caused the Louisville Underwriters' to issue a policy on the eleventh day of January, 1884, for four thousand dollars. and the Germania on the ninth day of January, 1884, to issue a policy for two thousand five hundred dollars, and the Manufacturers' on the eleventh day of January, 1884, to issue a policy for one thousahd dollars to the appellees, Turnbull & Co., aggregating seven thousand five hundred dollars, in

substitution and in lieu of the two policies canceled; that these new polices were issued by said companies and placed in the hands of Spaulding, Knott & Co., as their agents, to be delivered to the appellees, Turnbull & Co., before the fire occurred; that, after the stock of goods was destroyed, these policies were delivered to the appellees, Turnbull & Co. It is also alleged that the premiums on these policies were paid by the appellants, and that Spaulding, Knott & Co., as the agents of these companies, were authorized to effect these insurances.

The appellant contended, upon the foregoing facts, that these policies were substituted policies for the policy of the appellant, and that the appellees, Turnbull & Co., should look to them alone. But if it should be held bound upon its policy, it should be only held bound for its *pro rata* share; and that said companies should be compelled to pay the appellees, Turnbull & Co., their respective *pro rata* shares. The allegations of this amended answer were denied by the appellees.

By an amended answer and cross-petition, filed during the progress of the trial, the appellant alleged that said insurance companies, in consideration of one hundred and fifty dollars, caused to be paid them by the appellant, undertook and agreed to issue said policies to the appellees, Turnbull & Co., in substitution for the appellant's policy, whereby they were liable to the appellant in damages to the extent that it was held bound to the appellees, Turnbull & Co., on its policy.

The action and cross-action were tried by a jury, which trial resulted in a verdict for the appellees,

Turnbull & Co., for the full amount of the policy, and for the appellees, the insurance companies. The appellant's motion for a new trial having been overruled, it has appealed to this court.

The appellant does not deny that it issued the policy to the appellees, Turnbull & Co. The proof is clear that the property destroyed by the fire was worth as much as eighteen thousand four hundred and ninety-five dollars; that the appellant was duly notified of the loss; that there was no false swearing concerning the loss. We shall, therefore, regard these questions as out of the way.

The seventh condition of the appellant's policy provides as follows: "The insurance may also be terminated at any time, at the option of the company, on giving notice to that effect and refunding a ratable proportion of the premium, if the same has actually been paid, for the unexpired term of the policy."

The notice mentioned in this condition has reference to the insured. A notice to the company's agent to cancel the policy is not sufficient to effect a cancellation of the policy; such notice is nothing more than the company's notice to itself that the policy must be canceled.

The appellees, Turnbull & Co., were not notified before the loss that the appellant intended to cancel the policy. Therefore, so far as the question of cancellation is concerned, the policy was not canceled at the time of the loss.

By the sixth condition of the policy, it is provided that "in case of any other insurance upon the property hereby insured, whether made prior or subsequent to

the date of this policy, whether valid or invalid, and whether concurrent with this policy or otherwise, the insured shall be entitled to recover of this company no greater proportion of loss sustained than the sum hereby insured bears to the whole amount insured thereon," etc.

When two or more policies are taken out on the same interest, it is called double insurance. And where the policies, in case of double insurance, contain no provision that the several insurers shall be liable, in case of loss, each for such a proportion of the loss as the several amounts insured bear to each other, the insured may resort to any one of the insurers to recover the whole loss; and such insurer, upon the payment of the whole loss, may resort to the other insurers for their respective contributions. Such insurers are regarded in the light of co-sureties, and identical in interest. But where the policies constituting double insurance contain provisions similar to that above quoted in the appellant's policy, the insured cannot recover from any one of the insurers a greater proportion of the loss sustained than the sum insured by that insurer bears to the whole amount insured thereon. Such is the contract of the insured with the insurer, and by the contract the insured is bound. And where the contract provides, as in this case, that the insurer is to be bound to prorate, in case of double insurance, according to the whole amount insured, whether the same is valid or invalid, the insured is bound by its terms. (Lucas v. The Jefferson Insurance Company, 6 Cowen, 635; May on Insurance, section 13.) Therefore, we think that appellant's first amended answer

and cross-petition, in so far as it sought to compel the appellees, the insurance companies, to pay to the appellees, Turnbull & Co., a *pro rata* of the loss sustained, supposing that they had actually insured, set out neither a defense to the appellees' claim nor a cause of action against these companies. If the fact existed as alleged, the appellant could have shown it under its former plea relative to that matter, which would have prevented the appellees from recovering more than their *pro rata;* and whether they ever recovered the *pro rata* due by the other companies, was a matter about which the appellant had no concern, and it should not have been allowed to meddle with it.

But the appellant contends that the appellees, Turnbull & Co., in view of the fact that the appellant desired a cancellation of its policy, accepted these new policies in substitution for that policy. The facts are, that these policies were made out by Spaulding, Knott & Co., who were the agents of the appellant as well as the appellees, the insurance companies, without the solicitation, knowledge or consent of the appellees, Turnbull & Co. ; nor did they have any authority from the appellees to solicit or effect these policies for them ; nor did the appellees know that these policies were in existence until after the loss of their property by fire. And when the appellees were apprised of their existence, and they were tendered to them, they promptly declined to accept them. These policies, having been thus issued, were not contracts of insurance ; they were wholly worthless as contracts; the essential ingredient of a contract—that of contracting parties—was wanting in fact and in deed. So the appellant's contention in this regard must fail.

Also, the contention that the *pro rata* must be had in proportion to the amount insured, whether the policies are "valid or invalid," must fail; because this clause of the appellant's policy refers to such policies as are effected by the insured, or by his authority and consent, and not to such as have been attempted to be thrust upon the assured by officious persons without his knowledge or consent, and which he repudiates.

The appellant contends that, in consideration of one hundred and fifty dollars paid by it to the appellees, the insurance companies, they agreed to issue and did issue these policies to the appellees, Turnbull & Co., in substitution for its policy, and, therefore, they are liable to the appellant to the extent that it is compelled to pay the appellees, Turnbull & Co., on said policy.

The facts are, that the appellant notified Spaulding, Knott & Co., who were the appellant's agents, to cancel this policy, and another with the appellees, Turnbull & Co. ; and that Spaulding, Knott & Co., who were also the agents of the appellees, the insurance companies, of their own accord, and without the knowledge or consent of the appellant, and without the solicitation, knowledge or consent of the appellees, Turnbull & Co., and without the knowledge of the latter that the appellant desired its policy to be canceled, and without imparting to their principals the foregoing facts, who were in utter ignorance thereof, caused said policies to be issued. They then canceled the appellant's policy on its books without the knowledge of the appellees, Turnbull & Co., and held the new policies in their possession until after the loss of the stock of goods. They then for the first time presented to the appellees, Turn-

bull & Co., these policies for their acceptance, in lieu of the appellant's policy, which they promptly refused.

To make a binding contract of insurance there must be contracting parties, to-wit: an insurer and insured; their minds must meet and agree upon, first, the subject-matter to be insured; second, the risk insured against; third, the amount of the indemnity; fourth, the duration of the risk; fifth, the amount of the premium to be paid and how paid.

Not one of these requisites was agreed on by the appellees, Turnbull & Co., and the appellees, the insurance companies; nor did the companies' agents, Spaulding, Knott & Co., agree with the appellees, Turnbull & Co., on any of these essentials. There was no meeting of minds whatever; not even an attempt at negotiation, so far as the appellees, Turnbull & Co., were concerned. And when it was made known to them that Spaulding, Knott & Co. had constituted themselves officious intermeddlers in their behalf, they repudiated the act.

The appellees, the insurance companies, were also not bound, because they had been deceived into issuing the policies to parties with whom they had no contract, and who repudiated the act done apparently in their interest. The appellees, the insurance companies, also had no contract with the appellant to insure the stock of goods in its interest, because it is not a fact that Spaulding, Knott & Co., as the agents of the appellees, were solicited by the appellant to effect the insurance in substitution for its policy. On the contrary, it was done without its knowledge or consent. Again, here the meeting of minds was wanting. Also, if the solic-

London & Lancashire Fire Insurance Co. v. Turnbull & Co., &c.

iting agent of an insurance company can be regarded, at any time during the negotiation, in any sense the special agent of the insured, such special agency can only be created by the consent of the insured; such agency can not be thrust upon the insured without his knowledge or consent. Therefore, Spaulding, Knott & Co. were not and could not be regarded the agents of the appellees, Turnbull & Co.; nor could they be regarded, for the same reason, the agents of the appellant.

Also, if it be said that Spaulding, Knott & Co. attempted to act, in effecting said insurances in substitution for the appellant's policy, for the appellant, as its general agents, and at the same time acted for the appellees, the insurance companies, as their general agents, such act on behalf of the appellant was without the scope of their authority as its agents, because their authority was to effect insurances by the appellant on the property of others, and not to effect insurances by other companies in the interest of the appellant. It would require special authority to do the latter.

And it was bad faith towards the appellees, the insurance companies, for Spaulding, Knott & Co. to attempt, as their agents, to effect insurances in their companies on the property of] Turnbull & Co., ostensibly for the latter's benefit, but in fact for the secret indemnity of their other principal, the appellant. Such conduct was incompatible with their trust duties as agents of both parties, and as between these parties their act was not binding.

The judgment is affirmed.