## THE MERCHANTS' INSURANCE COMPANY V. JEFFERSON SHULTS.

### No. 377.

INSURANCE — *Agency — Notice of Cancelation of Policy.* . An agency created by the applicant for a real-estate loan in a written application and contract with the agents of the prospective mortgagee, whereby such agents are to procure fire insurance on the buildings upon the premises to be mortgaged, is revoked by the subsequent execution and delivery to such agents of a mortgage conforming to the application and contract, where the mortgage contains a provision binding the mortgagor to procure and maintain insurance for the protection of the mortgagee in the amount stated in the loan contract, and where such provision was fully complied with before the execution and the delivery of the mortgage. And where notice of the cancelation of an insurance policy, subsequently written to take the place of a portion of the original insurance, is given to such agents and to their subagent, who procured the application and contract for the loan, and who, as the agent of the insurance company, wrote the policy attempted to be canceled, such notice is ineffectual to relieve the company from its liability under the policy for a total destruction by fire of the insured property.

Error from Anderson district court; A. W. BENSON, judge. Opinion filed May 17, 1899. Affirmed.

*Cates & Shinn,* for plaintiff in error.

*L. H. Johnson,* and *T. J. Hudson,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : In this action, the defendant in error obtained a judgment and verdict against the plaintiff in error in the sum of $1133.83, the face value of an insurance policy, the interest thereon, and a further judgment for ninety dollars, as an attorney's fee. The case was tried in Anderson county on a change of venue. It appears that in March, 1893, Johnson

Brothers & Browning were engaged in a mortgage-loan business at Yates Center, where Browning was also the local agent for a number of insurance companies, including the plaintiff in error. The firm acted as soliciting agents to procure applications and contracts for mortgage loans for Angell Mathewson & Co., of Parsons, who were the state agents of the Mutual Benefit Life Insurance Company. In March, 1893, Jefferson Shults, through the agency of Browning, made application to Mathewson & Co. for a loan of $4500, and executed a written contract, in part as follows :

"*To Angell Mathewson & Co., Parsons, Kan.*: I hereby appoint you my agent and my attorney to negotiate for me a loan of $4500 for five years, with $3300 insurance, and with interest at seven and one-half per cent. per annum, payable semi-annually, to be secured by mortgage or mortgages, of form required by you, upon the following real estate situate in Woodson county, Kansas."

The contract and application were forwarded by Browning to Mathewson & Co., who accepted the same and prepared a mortgage accordingly, which was, on the 18th day of April, thereafter, executed and acknowledged by Shults and wife before Browning, as a notary public. The mortgage was for $4500, and the Mutual Benefit Life Insurance Company was the grantee therein. The instrument was filed for record on the day of its execution, and on June 16 the grantee therein duly executed a release, which was filed for record on the 4th day of the following August.

The mortgage contained a clause whereby the mortgagors agreed to procure and maintain insurance on the buildings upon the mortgaged premises to the extent of $3300, with the loss, if any, payable to the

mortgagee. On the day the contract for the loan was executed by Shults, he was informed by Browning that the latter could write the insurance referred to in the contract in the companies he represented. Thereupon Shults paid Browning $49.50, that sum being the premium for insurance to the amount of $3300 for five years. The policy was afterward written by Browning in the American Insurance Company, and was forwarded by him to Mathewson & Co. Afterward the insurance company requested Browning to "cancel off" $1000 of the $2000 insurance that had been placed on Shults's barn, and this he accordingly did, on May 3, 1893, and on the same day wrote the policy on which this action is based. The next day he wrote to Shults informing him of the change in the policies, and Shults testified that he acquiesced in such change. On May 26 Browning received notice from the Merchants' Insurance Company to cancel its policy, which notice was the same day communicated to Mathewson & Co. The policy contained a stipulation reserving the right of cancelation on five days' notice. The mortgage clause attached to the policy required ten days' notice to the mortgagee prior to cancelation. On June 3, Mathewson & Co. returned the policy to Browning, as requested by him.

Early in the morning of Sunday, June 4, the barn was struck by lightning and totally destroyed. On the next day Browning purported to cancel the policy. On June 5, Shults learned that his barn had been burned, and the next day called on Browning to inquire regarding the insurance. Then, for the first time, he was informed as to the action of the company and of Browning in respect to the cancelation of the policy. The return premium was not paid over to Shults prior to the trial of the action. Johnson Broth-

ers & Browning received from Mathewson & Co. a commission on the loans made through their agency. The firm had no connection with Browning's insurance business.

Counsel for plaintiff in error make the following claim in their brief:

"(1) The policy never became a binding obligation of the insurance company, for the reason that, when countersigned by Browning and delivered to Angell Mathewson & Co., he was acting for and in the interest of Shults, and not as the agent of the insurance company; and, (2) if issued by Browning, as agent of the company, in the usual course of his employment, it became inoperative at the expiration of five days from the receipt of notice of cancelation by Angell Mathewson & Co."

In considering this claim, it is important to note that the insurance policy under which Shults recovered judgment was issued after the execution and delivery of the mortgage, and that the mortgage itself covered the whole matter of the insurance to be maintained. It thus appears that the clause in the loan contract concerning insurance had wholly lost its force, and that the agency on the part of Mathewson & Co. in respect to insurance, if such agency ever existed, was revoked and at an end. After the mortgage was executed and delivered, service of notice of the cancelation of the insurance policy on Mathewson & Co. did not bind Shults.

As the firm of Johnson Brothers & Browning were merely soliciting agents for Mathewson & Co. in respect to the Shults loan, their agency was wholly at an end with the completion of the loan transaction, and Browning was in nowise agent of Shults at the time the insurance policy in question was written. "The appointment of one as agent to procure insur-

51—8 KAN. APP.

ance does not authorize him to accept notice of cancelation of the policy procured by him under such authority.'' (*Assurance Co. v. Cooper*, 6 Colo. App. 25, 40 Pac. 147 ; *Hermann v. Insurance Co.*, 100 N. Y. 411, 3 N. E. 341 ; *Insurance Co. v. Forcheimer*, 86 Ala. 541, 5 So. 870 ; *Insurance Co. v. Turnbull*, 86 Ky. 230, 5 S. W. 542 ; *Mutual Assur. Soc. of Virginia v. Scottish Union & National Ins. Co.*, 84 Va. 116, 4 S. E. 178.) We think that the court's instructions correctly and completely cover the issues presented by the pleadings and the evidence, and we perceive no error in refusing the instructions asked by the defendant.

The allowance of an attorney's fee was proper. (*Assurance Co. v. Bradford*, 60 Kan. 82, 55 Pac. 335 ; *Insurance Co. v. Bayha*, ante, p. 165, 55 Pac. 474.)

The judgment of the district court is affirmed.