THE STATE vs. BRANTLEY ET AL.

[SCIRE FACIAS ON FORFEITED BAIL-BOND.

1. *Duress of imprisonment of principal discharges bail.*—To *scire facias* on forfeited recognizance, it is a good plea by the sureties, that their principal, at the time of its execution, "was illegally and by force imprisoned and restrained

of his liberty, and that under such illegal and forcible imprisonment and restraint of his liberty, and to procure a release and discharge from such forcible and illegal imprisonment and restraint of his liberty, defendants made and subscribed said writing."

2. *On issue joined on several pleas, of which one is good, defendants are entitled to judgment on verdict finding "the issues" for them.*—Where issue is joined on several pleas in bar of the action, one of which is good, and the jury by their verdict "find the issues in favor of the defendants", the defendants are entitled to judgment; and if the court erred in overruling demurrers to the other pleas, it is error without injury, which will not reverse the judgment.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. GEORGE D. SHORTRIDGE.

SCIRE FACIAS on a forfeited recognizance, against Henry S. Brantley and his sureties, of whom the latter only were served with process. The sureties appeared, and filed seven special pleas in answer to the *scire facias*, of which the second plea was as follows :

" 2. That the writing sued on is not their lawful writing, and is not binding on them, as they are advised and believe, because they say that, on the 20th day of June, 1853, and at the time of the execution of the said writing, the said Henry S. Brantley was illegally and by force imprisoned and restrained of his liberty, and that under such illegal and forcible imprisonment and restraint of his liberty, and to procure a release and discharge from such illegal and forcible imprisonment and restraint of his liberty, the said defendants made and subscribed the said writing sued on."

The State demurred to all the other pleas, and the demurrer was sustained as to the first, sixth, and seventh, and overruled as to the others. The defendants then withdrew their fifth plea, and the State filed two replications to the fourth plea, both of which were demurred to, and the demurrer sustained. A trial was then had on issues joined on the second, third, and fourth pleas, and the jury returned a verdict finding " the issues in favor of the defendants ;" and thereupon judgment was rendered that they go hence, &c.

No errors are assigned on the record.

M. A. BALDWIN, Attorney General, and P. T. SAYRE, for appellant.

WM. M. MURPHY and JOHN T. MORGAN, *contra.*

RICE, J.—If the truth of one good plea in bar of the action is duly established by verdict, the defendant is entitled to judgment, although all his other pleas are both bad and false.—Barber v. Dixon, 1 Wilson's Rep. 44 ; Firemen's Insurance Co. of Mobile v. Cochran & Co., at the present term ; Worford v. Isbel, 1 Bibb's Rep. 247.

In the present case, the jury found all the issues (including the issue on the second plea) for the defendants. That plea was not demurred to, and no error has been committed by the court below in relation to it. That plea is good, and the proof of its truth absolutely destroys the plaintiff's action. Watkins v. Baird, 6 Mass. R. 506 ; Thompson v. Lockwood, 15 Johns. R. 256 ; 2 Greenl. Ev. § 302.

As the court below committed no error in relation to that plea, we are not authorized to deprive the defendants of the benefit of the verdict establishing its truth, merely because the court below may have committed errors in its rulings as to other and independent pleas. If there was error in overruling the demurrers to the third and fourth pleas, such error had no connection with and no influence upon the second plea, nor did it contribute in any way to the proof of the truth of that plea. We do not here allow to the defendants any benefit from their third and fourth pleas. We consider those two pleas as, in effect, stricken out of the record. The verdict ascertaining the truth of the second plea is sufficient, *per se*, to sustain the judgment for the defendants.

If the verdict had been general for the defendants, and had not shown affirmatively that the jury found " *the issues* in favor of the defendants", it is possible we might have held that we would not interpret the verdict as finding *all the issues* for the defendants ; and that, therefore, the error in any of the rulings of the court as to the third and fourth pleas, would be ground of reversal, if indeed such error was found to exist. But as the verdict shows clearly that the jury found the issue on the second plea, as well as the issues on the other pleas, in favor of the defendants, the rulings of the court as to the third and fourth pleas, even if erroneous, constitute no ground of reversal ; because there was no error committed by the

court as to the second plea, and the finding of the truth of that plea, *per se*, absolutely destroys the plaintiff's action.

We do not decide whether there was error in the rulings of the court as to the third and fourth pleas, or as to the replications to the fourth plea. If there was, it is error from which it is clear no injury resulted to the plaintiff.

The judgment is affirmed.