## DUMAS *vs.* HUNTER.

[UNLAWFUL DETAINER.]

1. *Proof of demand and notice.*—Secondary evidence of the written demand and notice, which the statute makes necessary to the maintenance of this action, cannot be received, until the proper predicate has been laid for its introduction.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. E. W. PETTUS.

THIS action was instituted by the appellant, before the adoption of the Code, to recover the possession of a tract of land, which (he alleged) the defendant unlawfully detained from him. On the trial, as appears from the bill of exceptions, the plaintiff produced a written notice, in his own handwriting, dated April 10th, 1852, and con-

taining a demand of possession; and, for the purpose of proving its service on the defendant, introduced one Cooper as a witness, who testified, that on said 10th April, plaintiff handed him a notice, in his own handwriting, to be served on defendant; that he served the notice on the same day, but did not retain a copy; "that the notice produced contained about the same matter as the notice which he served, but he did not know that it was the same, or that it was an exact copy of the same." The court excluded the paper from the jury, and the plaintiff excepted. The plaintiff then offered to prove by said Cooper, "that he had handed to defendant, on the 10th April, 1852, a notice in writing, signed by plaintiff, by which defendant was notified to surrender to plaintiff the land in dispute." The court rejected this evidence, also, and the plaintiff excepted. The rulings of the court on the evidence are now assigned as error.

J. M. VanHoose, for the appellant, cited the following authorities: Stinson v. Gosset, 4 Ala. 170; Parker v. Haggerty, 1 Ala. 632; Lesne v. Pomphrey, 4 Ala. 77; Milton v. Rowland, 11 Ala. 732; Johnson v. Haight, 13 Johns. 470; Leavitt v. Lines, 3 N. H. 14; Eagle Bank v. Chapin, 3 Pick. 180; Hartly v. Wharton, 25 E. C. L. R. 276; Willoughby v. Carlton, 9 Johns. 136; Cowen & Hill's Notes to Phil. Ev., vol. 3, p. 1201.

E. W. Peck, contra, cited Clay's Digest, 251, § 5; McFadden v. Kingsbury, 11 Wendell, 667; Cowen & Hill's Notes to Phil. Ev., vol. 4, n. 239.

WALKER, J.—Under the law found in Clay's Digest, (p. 251, § 5,) a demand and notice are requisite to the maintenance of this suit; and it is indispensable that the demand and notice should be for the delivery of the premises, and in writing.

The court properly excluded the written notice offered in evidence, because the fact that it contained "about the same matter with the notice," does not prove it to be a copy; and because the absence of the original was not accounted for.

Dumas v. Hunter.

The parol evidence of the notice which was served was also, we think, properly excluded by the court, for the reason that the absence of the original was not accounted for. It is argued by the appellant's counsel, that because the paper, the contents of which was offered in evidence, was but a notice, the rule which requires notice to produce a paper in the possession of the opposite party does not apply. We concede, that the authorities hold notice to produce unnecessary, where the notice is a collateral matter in the trial. There are, also, authorities which hold that notice to produce is not necessary, when the paper is the foundation of the action; and there are authorities, too, which hold that a notice, such as that attempted to be proved in this case, is an instrument the contents of which may be proved without notice to produce the original.—See the English and American authorities reviewed in the late edition of Cowen & Hill's Notes to Phillipps on Evidence, 2 part, pp. 399, 400, 401, 431, 432. Upon the last question, there is a great conflict of authority, both in this country and in England; but we think, that there is no principle recognized in the law of evidence, which will justify a resort, in the first instance, to parol evidence, where the notice and demand, as in this case, are by law required to be in writing, and constitute the fact which gives the right of action, without the proof of which the suit cannot be maintained. We know there are authorities to the contrary; but the position is well sustained by the highest authorities, including Mr. Starkie, and seems consistent with principle. We perceive no reason why a different rule should prevail in reference to a notice, when it is an important fact in the case, and yet not apply to deeds, or any other writings, in possession of the party against whom they are offered. We prefer not to enlarge the exceptions to the general rule as to the admission of secondary evidence.—Faribault v. Ely, 2 Dev. 67; Grove v. Ware, 2 Stark. 174; McFadden v. Kingsbury, 11 Wend. 667.

The judgment of the court below is affirmed.