## STRONG *vs.* CATLIN'S ADM'R.

### [ACTION ON ACCOUNT FOR WORK AND LABOR DONE.]

1. *What is revisable.*—Motions for a continuance, and for a new trial, are addressed to the sound discretion of the presiding judge, and his decision is not revisable on error; and where such motions are predicated on the fact, that the presiding judge has never seen an opinion pronounced in the case by the supreme court, the principle is still the same.

2. *Relevancy of evidence to prove contract.*—A letter, written by defendant to plaintiff and another, requesting them to publish in their newspaper an advertisement of an incorporated school, of which the defendant was one of the trustees, does not authorize the publication of the advertisement by the plaintiff alone in his paper, and does not prove an assent by the defendant to such publication: yet, it being shown that the defendant, when payment was demanded of him, made no objection to the publication, but only insisted that the account should have been charged against the school, and not against himself individually, the letter is admissible evidence, as tending to show his agency in procuring the publication in his own name.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. PORTER KING.

THIS case was before this court at its January term, 1860, when the judgment of the circuit court was reversed, and the cause was remanded.—See 35 Ala. 607. The action was brought by John D. Catlin, (and afterwards revived in the name of his administrator,) against John M. Strong, "to recover $75, due by account on the 10th January, 1852, for work and labor done, and materials furnished by plaintiff to defendant, at the defendant's request"; and was commenced on the 24th March, 1857. The defendant pleaded, "in short by consent," the general issue, want of consideration, failure of consideration, the statute of limitations of three years, and fraud in the performance of the work. When the cause was called for trial, as the bill of exceptions shows, the defendant asked a continuance, on the ground that the opinion of the supreme court, reversing the former judgment, (which, it

was admitted, was not reported, and had never been seen by the presiding judge,) had been lost or mislaid, and none of the counsel recollected the ground of reversal. The court refused to continue the cause until a copy of said opinion could be procured, and ruled the defendant to trial; to which the defendant excepted.

"The plaintiff offered one Glover as a witness, who testified, that he, as the collecting agent of plaintiff's intestate, in the spring or fall of 1853, presented to the defendant an account for between fifty and seventy-five dollars, in favor of said intestate, for printing an advertisement of a school in Selma, called the *Central Masonic Institute*, of which the defendant was a trustee; that the defendant would not pay it, and said it should have been made out againt the school, and not against him; that witness reported this conversation to said intestate, who told him to tell defendant that he had received a letter from him to that effect; that he afterwards saw the defendant again, and told him what the intestate had said; and that the defendant thereupon replied, 'If he has a letter from me to that effect, I will pay it.' The plaintiff then offered in evidence a letter from the defendant, dated at Selma, Sept. 25, 1851, and addressed to Messrs. Armstrong & Catlin, in the following words:

"'Gentlemen: In compliance with my promise, I enclose you an advertisement, which I wish you to give a conspicuous place in your paper, for three months; asking the favor of you to call the attention of the public to it by a short and appropriate editorial.

Your obedient servant,

JNO. M. STRONG.

"'P. S. As ours is a charitable institution, I hope your charge will be as moderate as possible.'"

"The defendant objected to the introduction of said letter as evidence; the court overruled his objection, and admitted it, and the defendant excepted. This was all the evidence in the case."

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial; but the court refused his motion.

The rulings of the court on the application for a continuance, on the evidence, and on the motion for a new trial, are now assigned as error.

GEO. W. GAYLE, for the appellant.
BYRD & MORGAN, contra.

STONE, J.—It has been uniformly held in this court, that the rulings of the primary courts, in granting or refusing applications for continuance, and for new trials, are not revisable. Such applications are addressed to the sound discretion of the presiding judge; and the question is not varied, if the case has previously been decided by this court, and the opinion pronounced here has not been seen by the judge presiding in the court below.—Shep. Digest, 698, § 9; Spence v. Tuggle, 10 Ala. 538.; Phleming v. The State, Minor, 43; Starr v. The State, 25 Ala. 49.

[2.] The only other question presented by this record, relates to the admissibility in evidence of the defendant's letter to Catlin & Armstrong. When this case was before in this court, (35 Ala. 607,) we decided, that the two facts, that Catlin & Armstrong received the defendant's said letter, and that the plaintiff's intestate performed the services, did not, without more, entitle the plaintiff to recover. We added: "Whether there may not be some other ground from which the defendant's assent to the terms complied with by the plaintiff may be implied, will be a subject of inquiry on a future trial. It may be, that the defendant will be bound, if he knew that the plaintiff was publishing the advertisement in his paper, while the publication was in progress, and failed to dissent from it."

It is certainly the law, that if A request B to perform certain services for him, and C perform the services, with the knowledge and approbation of A, an implied promise arises from A to pay C what those services are worth; and

in proving such a contract, A's request to B would be competent evidence, to prove that A desired the services should be performed. Knowledge that one was performing services which another had been requested or employed to perform, without dissent from the promissor, is a legitimate circumstance to be laid before the jury on the question of ratification, or assent.

In the present case, a letter was addressed to Messrs. Catlin & Armstrong, requesting them to publish an inclosed advertisement in a conspicuous place in their newspaper, and to direct attention to it in an editorial. The plaintiff produces that letter on the trial. When Mr. Strong was asked for the money on an account for those services made out against him, and in favor of the plaintiff, he raised no objection on the ground that the publication had been made by Catlin, instead of Catlin & Armstrong. His objection was, that the account should have been charged against the institute, and not against himself. Urging a specific objection, his silence on all others was, at least, a circumstance tending to show that he waived all others.—3 Phil. Ev., (4th Am. ed.) 445–6 ; 2 Greenl. Ev., § 601 ; Fireman's Ins. Co. v. Crandall, 33 Ala. 9.

Coming to the conclusion that the reply of Mr. Strong to Mr. Glover tended to show that he raised no question on the matter of *the person* by whom the publication had been made—that he only contended that the charge should be against the institute—the letter was certainly competent evidence, as conducing to prove that Mr. Strong had been instrumental in having the publication made, and that his request was in his own name, charging not the institute, but himself, for the payment of the bill. The testimony was admissible. Whether sufficient or not, is a question not presented for our determination.—*Hardin v. Turner,* 9 Ala. 110 ; Addison on Contr. 53–4–5 ; *Higgins v. Hopkins,* 3 Exch. Rep. 163 ; *Dotz v. Wilson,* 14 Johns. 378 ; Shep. Dig. 616, § 473.

Affirmed.