# Raney *v.* Raney.

### *Detinue.*

1. *Error without injury.*—Under a plea in abatement, averring residence and freehold in another county at the commencement of the suit, two issues being presented—namely, in what county the defendant resided, and whether he had estopped himself from setting up such residence by reason of admissions made to the plaintiff and his attorney; in such case, when the verdict of the jury affirmatively ascertains the fact of the defendant's residence in the county in which the suit was brought, then, though there may have been error in the charge of the court on the issue of estoppel, it is error without injury, and constitutes no cause for reversal.

APPEAL from Macon Circuit Court.

Tried before Hon. J. E. COBB.

This was an action by Irving Raney against W. N. Raney for the recovery, *in specie*, of designated articles of agricultural produce; and was commenced on 29th April, 1885. Issue was joined on a plea in abatement, filed by the defendant, averring, as shown by the bill of exceptions, " that he was not, at the commencement of this suit, a resident of said Macon county, but was before, and at that time, and still continued to be, a resident citizen of the State of Alabama, and a resident freeholder and householder of the county of Jefferson in said State, and never had been a resident of said Macon county." On the trial of this issue " it was conceded," as recited in the bill of exceptions, " that the defendant had been a householder

of said Jefferson county, and a resident citizen of the State of Alabama for a considerable time; and up to a period not many weeks prior to the commencement of this suit. The evidence was conflicting as to whether or not he had actually removed his residence to said Macon county." Evidence was adduced tending to show that the defendant had admitted to the attorney of plaintiff "that he, the defendant, had come to, and was in Macon county to stay—and intended to stay." There was, also, evidence of similar declarations made to the plaintiff himself. Touching these declarations, the court charged the jury, in effect, "that if the defendant made them in response to inquiries which he knew were preliminary to the institution of suit, and knew that it was the intention and purpose of plaintiff to bring such suit;" and if the plaintiff, "relying on said declarations of defendant, brought this suit in this county," then the defendant could not be permitted to plead his residence in another county, but was estopped to set up such residence as a defense to this suit. To this charge the defendant excepted, and the same is here assigned as error.

W. F. FOSTER, for appellant.

ABERCROMBIE & BILBRO, contra.

CLOPTON, J.—The defendant pleaded, in abatement, that he was a householder of this State, and had, at the time of the commencement of the suit, a permanent residence in a county other than that in which the suit was brought. On this plea, two issues were presented: 1st. The county of the permanent residence; 2d. If his residence was in another county, whether he was estopped to set up such residence by his declarations to the plaintiff and his authorized attorney. The instruction of the court on the question of estoppel is the only error assigned.

The jury, by their verdict, found "the issue against the plea in abatement, and that the defendant was, at the commencement of this suit, a resident citizen of Macon county." The evidence was conflicting in respect to the removal of the defendant's residence prior to the institution of the action. Had the verdict been *general* in favor of the plaintiff on the plea in abatement, we would have presumed, that the charge of the court, if erroneous, operated to the injury of defendant, as it would not affirmatively appear that the verdict was founded otherwise than on the issue of estoppels. But the jury find specially, that the residence of defendant was in the county in which the suit is brought, at the time of its commencement. The case having been determined on the one issue—the actual

[Glenn, Trustee, v. Semple.]

residence of the defendant—which fact affirmatively appears from the record, it results that, though there may have been error in the instruction of the court on the issue of estoppel, it is error without injury, and constitutes no cause for reversal. *Foster v. Johnson*, 70 Ala. 249; *State v. Brantley*, 27 Ala. 44.

    Affirmed.