ELLA M. W. FISKE, Respondent, v. ROYAL EX-CHANGE ASSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 25, 1903.

1. **Insurance:** EVIDENCE: HEARSAY. An objection to the evidence on the ground that it was hearsay is overruled since the record does not sustain the objection.

2. ————: UNCONDITIONAL OWNER: WAIVER. A stipulation as to the insured being the unconditional owner, though set up in the answer, seems to have been abandoned by the defendant.

3. ————: DUAL AGENCY: AVOIDING POLICY: MORTGAGE. Defendant's agent effecting the insurance was at the same time agent for the mortgagee having a mortgage on the insured property, but was not an agent for the mortgagor who took out the insurance, and the policy was therefore valid.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) Where a double employment exists and is not known to both principals no recovery can be had against the party kept in ignorance. De Esteiger v. Hollington, 17 Mo. App. 382; 40 Mich. 376; 71 Penn. St. 250; Story on Agency, 31-210; Bradley v. Insurance Co., 30 Mo. App. 372; 57 Kan. 576. (2) An agent can not represent antagonistic interests, and if he seeks to do so the

contract can be avoided by either party. May on Insurance, vol. 1, p. 125; People's Ins. Co. v. Paddon, 9 Brad. 447; Vol. 2, Insurance Digest (French), p. 384; Insurance Company v. Allen, 80 Ala. 571.

*Richard B. Wilcox* for respondent.

(1) "The law will protect the companies against frauds, misrepresentations and breaches of warranty, but it will not lend its aid to support defenses founded upon their own errors or omissions, when they have received the premium, delivered a complete and valid policy, and lain by without objection until a loss has happened; it will not help them to accomplish a fraud." Parsons v. Ins. Co., 132 Mo. 583; Franklin v. Ins. Co., 42 Mo. 456 at 461. (2) The defendant's answer makes the invalidity of the policy hinge upon the pendency of the Park proceedings without written permission endorsed on the policy. It now sets up for the first time its claim of double agency. Defendant can not try the case on one theory in the Circuit Court and on another in this court. Tomlinson v. Ellison, 104 Mo. 105; Evans v. Kunze, 128 Mo. 670; State ex rel. v. Chick, 146 Mo. 645. (3) The defense of double employment must be affirmatively pleaded. An affirmative defense must be clearly and distinctly set forth. This defense, so far as pleading is concerned, is not unlike that of champerty, gaming, usury and the like. Reese v. Garth, 36 Mo. App. 641; Hall v. Harris, 145 Mo. 614. (4) Till payment made according to the provisions of the charter, there is no transference of title to the city, no divestiture from the citizen. Title in fee remains in owner till payment of damages has been made. State ex rel. v. Hug, 44 Mo. 120; Green v. Railroad, 82 Mo. 657; In re Paseo, 78 Mo. App. 518; Martin, Ex'r v. St. Louis, 139 Mo. 246; Plum v. Kansas City, 101 Mo. 525.

BROADDUS, J.—On the 26th day of July, 1900, defendant by its policy of that date insured one Harrison R. Gregory against loss by fire to the amount of $750 upon his dwelling situated in what is known as the Penn Park Valley District in Kansas City, Missouri. The plaintiff sues as mortgagee, to whom a loss by fire under the terms of the policy was to be paid.

Defendant's answer admits the execution of the policy, but seeks to avoid liability because Harrison Gregory was not the sole and unconditional owner, and that a change took place in the title of the insured to the property insured, which by its terms rendered the policy void, viz: "That before said policy was issued proceedings had been commenced by Kansas City to condemn said property for park purposes under the charter of Kansas City, to which the insured, the beneficiaries named in the deed of trust claimed to be held by plaintiff, were parties. Said proceedings by due course of law resulted in a judgment in favor of Kansas City, condemning said property for park purposes. In and by said proceedings said insured, trustee and beneficiaries filed a disclaimer, disclaiming any right to remove the improvements from said property, and the verdict of the jury in said case was rendered assessing the damages for taking said property, including the improvements, all of which proceedings had been had before said policy was issued, and while said proceedings were pending in the Supreme Court said policy was written; that in said cause in the Supreme Court, and before the fire mentioned in the petition, said judgment of the Jackson county circuit court condemning said property and assessing the value of said improvements was affirmed; that afterwards, in compliance with said judgment said condemnation money so assessed by the jury in said cause was paid into court by Kansas City for the use and benefit of said insured and the plaintiff. That consent by this defendant that the interest of the insured might be other than uncon-

ditional and sole ownership, or for any change in such interest, was not provided by agreement endorsed or added to said policy, wherefore defendant says plaintiff is not entitled to recover," etc.

The following facts were agreed upon, viz.:

It is admitted that the defendant executed the policy of insurance sued on, on the date mentioned in the petition and said policy of insurance may be read in evidence and shall be considered a part of this agreed statement of facts. That plaintiff is the owner and holder by endorsement of a note secured by a deed of trust on the house insured and the lot on which it was situated. That the allegations of the petition as to the destruction of the house by fire, the notice to the company and proofs of loss are true.

The property described in said policy of insurance was situated in what is known as Penn Valley Park, in Kansas City, Jackson county, Missouri. Before said policy was issued proceedings had been commenced by Kansas City to condemn said property for park purposes, under the charter of Kansas City, to which the insured, the trustees and beneficiaries named in the deed of trust were parties. At that time plaintiff was the owner of said note. Said proceedings in due course of law resulted in a judgment in favor of Kansas City condemning said property and other property for park purposes. In said proceedings said insured, trustee and beneficiaries filed a disclaimer, disclaiming any right to remove the improvements from said property and verdict of the jury in said case was rendered assessing the damages for taking said property, including the improvements, for the sum of six hundred and seventy-five dollars. Thereafter and while said cause was pending in the Supreme Court, said policy of insurance was written. An appeal was taken from said judgment to the Supreme Court of Missouri, where said judgment was affirmed. These proceedings were had and judgment affirmed before the fire referred to in the petition.

At the time of the fire referred to the condemnation money assessed by the jury had not been paid into the court by Kansas City, but since said fire, the whole of said money has been paid into court for the use and benefit of said insured and the plaintiff. The amount due plaintiff on said note largely exceeds the sum of the amount of said condemnation judgment and the amount for which said house was insured.

In addition, the following supplemental agreed statement of facts was made:

It is agreed that the Penn Valley Park condemnation proceedings were begun on December 16th, 1896. That the disclaimer referred to in the agreed statement of facts was filed on March 16th, 1897. That judgment in the Penn Valley case was rendered in the circuit court of Jackson county on November 5, 1898. That an appeal was taken in said case to the Supreme Court by Bacon and Monroe on November 23, 1898. That the judgment of the circuit court was affirmed on June 19, 1900, and was entered of record in the circuit court on July 28, 1900. That the condemnation money assessed by the jury for the house and the lot on which it stood was paid into court by Kansas City on September 18, 1901.

And it was also admitted in said proceedings the value of the land was assessed at $175 and the house at $425. The firm of E. W. Fowler & Son who acted as defendant's agent in insuring the property were at the same time agents of the plaintiff, but there was no evidence that defendant at the time had knowledge that they were acting in a double capacity.

On the trial, witness Fowler testified that one Voorhees, who died some months before the policy in question was issued, and who at the time was special agent for defendant, and also agent in charge of the property in question, knew of the pendency of the said condemnation proceedings, for he had talked with him about it. Defendant objected to the competency of this evidence.

At the close of the trial defendant offered a demurrer to plaintiff's evidence which was overruled. The court sitting as a jury found for the plaintiff for the full face of the policy with interest, and the defendant appealed.

The formal points made for a reversal are: That the court erred in permitting Fowler to testify to statements made by Voorhees before his death and before the policy was written, to the effect that insurance companies allowed him to write insurance on property in Penn Valley Park District, and "That the court erred in refusing to declare that under the law, the agreed statement of facts and all the evidence, plaintiff was not entitled to recover."

The first objection is without any merit whatever, for the reason that the witness made no such statement, but the statement he did make had reference to what Voorhees said about the city condemning the lands in Penn Valley for park purposes.

As we have seen, the defendant's answer set up two defenses, viz.: One, that the insured was not the sole and unconditional owner of the property at the time the policy was issued; and that a change of title to the property had taken place which by the terms of said policy rendered it void as to the defendant. The trial court in its opinion, which is copied into respondent's statement, held that the defendant had waived the said condition set out in its answer. And the defendant seems to have wholly abandoned its said defense so set up, and is now relying on the fact that Fowler & Son, at the time the policy was issued, were acting for both the defendant and the insured without its knowledge, which it claims rendered the policy invalid. Such seems to be the law. DeSteiger v. Hollington, 17 Mo. App. 382; Bradley v. Ins. Co., 90 Mo. App. 372; Robinson v. Jarvis, 25 Mo. App. 1. c. 426; Hyde v. Larkin, 35 Mo. App. 365; Reese v. Garth, 36 Mo. App. 641; Smith v. Farrell, 66 Mo. App. 8. No such defense was ruled on or considered by the trial court.

But it does not appear that Fowler & Son were the agents of Gregory, the insured, the owner of the property at the time the policy was written. Therefore the policy was not void as to him by reason of the fact that they were such agents for both plaintiff and defendant.

It follows that the cause must be affirmed. All concur.