ARISPE MERCANTILE Co., Appellant, v. CAPITAL INSUR-
ANCE Co., Appellee.

**Insurance of agent's property:** VALIDITY OF CONTRACT. The record-
ing agent of an insurance company cannot issue a valid policy
covering property of a corporation of which he is an officer
and director without notice to or consent of the company.

*Appeal from Union District Court.*— HON. H. K. EVANS,
Judge.

SATURDAY, FEBRUARY 9, 1907.

THE opinion states the case.— *Affirmed.*

*Sullivan & Fry,* for appellant.

*Carr, Hewitt, Parker & Wright* and *Thos. L. Maxwell,*
for appellee.

WEAVER, C. J.— This is an action at law for the recov-
ery of damages upon a policy of fire insurance. At the close
of the evidence the trial court sustained a motion for a di-
rected verdict in favor of the defendant, and the plaintiff
appeals.

The motion was based upon the following grounds: (1)
That the policy had been forfeited by the act or sufferance of
the insured in allowing a mechanic's lien to be placed upon
the insured building; (2) that the plaintiff had forfeited its
right to recover by presenting false and fraudulent proofs of
loss; and (3) that the defendant's agent who issued the pol-
icy was a stockholder, treasurer, and director in the plaintiff
company, of which fact the defendant was then entirely ig-
norant, and that said agent did not disclose his relation to the
plaintiff company, nor procure defendant's consent to the

issuance of said policy, thereby effecting a legal fraud upon the defendant, and rendering the policy void.

The ruling on this motion could not in our judgment be sustained upon either the first or second ground assigned therefor. As to the third ground we feel constrained to say that the ruling was correct. The facts are not in dispute. At the date of the policy the plaintiff was a corporation doing business in Arispe. Of this corporation D. W. Stevenson was a director, and was at the same time serving as its treasurer. He was also cashier and stockholder of a bank which held stock in the plaintiff company, and was at the same time recording agent of the defendant insurance company, and as such issued the policy in suit. Stevenson denies he owned any stock in the plaintiff company, but it appears without dispute that he was one of the incorporators of the concern and a member of its governing body. He held these relations to the parties at the time he issued the policy, and there is no claim that he advised the insurance company of the facts or obtained its consent to insure property in which he was then personally interested. Under the prevailing rules of the law of agency we are compelled to hold that a policy thus issued without notice to or consent of the company creates no enforceable liability. The practically universal holding of the courts is that such an unauthorized act of the agent violates the general principle that an agent cannot be permitted to put himself in a position where his own interests are antagonistic to those of his principal, and cannot as agent for his principal do or transact business for his own benefit. Mechem's Agency, sections 454–456; Clark & Skyles' Agency, sections 404–406; *Central Ins. Co. v. National Ins. Co.,* 14 N. Y. 85; *Empire Ins. Co. v. American Ins. Co.,* 138 N. Y. 446 (34 N. E. 200); *Greenwood v. Insurance Co.,* 72 Miss. 46 (17 South 83); *Zimmerman v. Insurance Co.,* 110 Mich. 399 (68 N. W. 215, 33 L. R. A. 698); *Wildberger v. Insurance Co.,* 72 Miss. 338 (17 South. 282, 28 L. R. A. 220, 48 Am. St. Rep. 558); *Copeland v.*

*Insurance Co.,* 6 Pick. (Mass.) 198; *Utica Ins. Co. v. Toledo Ins. Co.,* 17 Barb. (N. Y.) 132; *Ritt v. Ins. Co.,* 41 Barb. (N. Y.) 353; *Bentley v. Ins. Co.,* 17 N. Y. 421; *B. A. Assur. Co. v. Cooper,* 6 Colo. App. 25 (40 Pac. 147); *Hartford Ins. Co. v. McKenzie,* 70 Ill. App. 615; *London, etc., Ins. Co. v. Turnbull,* 86 Ky. 230 (5 S. W. 542); *Rockford Ins. Co. v. Winfield,* 57 Kan. 576 (47 Pac. 511); *Spare v. Insurance Co.* (C. C.) 19 Fed. 14; *Phœnix Insurance Co. v. Hamilton,* 110 Ga. 14 (35 S. E. 305); *White v. Insurance Co.,* 27 Grant, Ch. (U. C.) 61; 22 Cyc. pages 1435, 1436, and note.

None of the cases cited by the appellant, when carefully read, are out of harmony with the rule above stated, unless it be *Fiske v. Royal, etc.,* 100 Mo. App. 545 (75 S. W. 382), and, if this precedent is to be construed as upholding the principle in support of which it is invoked, we do not feel free to follow it in disregard of the greatly preponpering authority. Nor do we regard it material that Mr. Stevenson may not have been the owner of any stock in the plaintiff company. He was concededly one of its officers and agents, and must be presumed to have had such an interest as would disqualify him from acting as an agent for a third party dealing with it. To make use of the terms of trade, the defendant was selling insurance, and the plaintiff company in this transaction was buying insurance; and, under the most familiar doctrine of the law of agency, one agent cannot represent both buyer and seller without the knowledge and consent of both. It is not a sufficient answer to this objection to say that the agent acted in good faith, or that the contract was fair and equitable in its terms. The policy of the law forbids the agent to occupy a position where he may reap profits or advantage to himself or to one principal by disregarding the interests of another principal who is adversely concerned. It may be true that the insurance company would readily have consented to or ratified the act of Stevenson in issuing the policy, had it occurred to him to report his rela-

tions to the insured, and that the defense now put forward is of a somewhat technical character; but it remains also true that, not having received such notice, the company cannot be held to have waived its right to insist upon the invalidity of the contract.

Appellant seeks to call to its aid the general rule that notice to the agent is notice to the principal, and that an insurance agent may under some circumstances waive the effect of forfeiture clauses in the policy.   These rules are too well established to require the citation of authorities, but they have no application to cases involving the validity of contracts in which the agent has undertaken to represent his principal in dealing with himself.   Mechem's Agency, section 723; Clark & Skyles' Agency, section 485; *Bank v. Gifford,* 47 Iowa, 375.   The rule as to notice which counsel cites is for the protection of innocent third persons, and cannot be employed in favor of the agent or of others whose interest he represents against the principal for whom he has assumed to act.

Counsel devote considerable effort to the establishment of Stevenson's capacity as an agent with authority to issue policies.   Of this we think there can be no doubt.   He was unquestionably the defendant's agent, and in a certain sense of the word its general agent, but this fact does not prevent the application to him or to his acts in that capacity of the general rules of the law of agency save as they have been modified by statute, and our attention is called to no statute affecting the principle which we think governs the present case.

As this conclusion is decisive of the appeal, we need not take time to discuss the other defenses pleaded.

For the reasons stated the judgment of the trial court is *affirmed.*