(105 So. 901)

**LIVERPOOL & LONDON & GLOBE INS.
CO., LIMITED, OF ENGLAND v. Mc-
CREE.   (6 Div. 301.)**

(Supreme Court of Alabama.   Oct. 15, 1925.)

**1. Insurance ⬦⇒93—Policy not avoided by rea-
son of agent of company being also agent of
mortgagee payee in policy.**

Where agent with whom insurance was tak-
en out was also agent of mortgagee of prop-
erty insured, to whom the contract was made
payable, there is no such conflict of interest
in dual capacity of agent as to defeat policy or
require ratification of acts of agent.

**2. Insurance ⬦⇒641 (2)—Replication held suffi-
cient answer by way of estoppel and waiver
to pleas setting up want of statement and no-
tice of loss.**

In action on policy, where defendant's plea
set up failure to render statement of loss in
time and failure to give notice of loss, aver-
ment in plaintiff's replication *held* sufficient an-
swer by way of estoppel and waiver, where
replication stated that plaintiff relied on state-
ment of defendant's agent and refrained from
giving notice and proof required by policy, and
that defendant was estopped to plead matters
set up in pleas, and had waived provisions of
policy.

**3. Insurance ⬦⇒395—Denial of existence of in-
surance sufficient to predicate pleas of waiv-
er and estoppel as to all defenses except exist-
ence of insurance.**

Refusal by company of plaintiff's request for
blanks for proof of loss on ground that he had
no insurance is evidence of specific denial of ex-
istence of insurance sufficient to predicate pleas
of waiver and estoppel as to all defenses under
contract except of existence of insurance, since
denial of existence of contract is inconsistent
with defenses based on failure to comply with
contract.

**4. Insurance ⬦⇒641 (2)—Replication and pleas,
considered together, held to aver waiver of
notice and estoppel.**

In action on policy on plea of failure to
make proof and give notice of loss of replica-

tion that plaintiff relied on statement by de-
fendant's agent that he had no insurance, and
therefore refrained from giving notice of loss,
when considered in connection with plea, is suffi-
cient averment that insured was misled to in-
jury, making out case of waiver of notice and
estoppel.

**5. Evidence ⬦⇒174(5)—No error in admitting
certificate of insurance, and carbon copy prop-
erly introduced as original.**

Where defendant admitted to interrogations
propounded under statute that it issued cer-
tificate of insurance to plaintiff, and witness tes-
tified he saw such certificate issued, it was not
error to admit in evidence, against defendant's
objection, certificate referred to, and a carbon
copy thereof was properly introduced as an
original.

**6. Appeal and error ⬦⇒231 (3)—General ob-
jection to evidence not ground for reversal.**

A general objection to a question will not
be made ground for reversal, where answer call-
ed for was not plainly incompetent or imma-
terial, as it corroborated other evidence on is-
sue.

**7. Insurance ⬦⇒646(1)—Burden of proof same
whether contract written or oral.**

Burden of proof is same, whether insurance
contract is written or oral.

**8. Trial ⬦⇒139(1), 142—Scintilla of evidence
raises question for jury.**

If there is a scintilla of evidence or infer-
ence therefrom unfavorable to party requesting
general affirmative charge, it should be refused.

**9. Insurance ⬦⇒668(3) — Whether there was
oral contract of insurance held for jury.**

Evidence that insured conferred with agent,
regarding renewal of insurance, and agent stat-
ed that he would renew insurance, and later
that goods were insured, presents a jury ques-
tion as to whether there was an oral contract to
renew insurance or to insure property.

**10. Trial ⬦⇒140(1)—Credibility of testimony
for jury.**

An apparent conflict in statements of wit-
ness does not authorize disregard of testimony,
since credibility of testimony is for jury.

**11. Insurance ⬦⇒668(2)—Question of agency
and extent of authority held for jury.**

Question of agency and extent of authority
as to insurance *held* to be for jury.

**12. Insurance ⬦⇒665(2) — Evidence held to
warrant finding of continuance of previous
contract.**

Evidence *held* to warrant finding by jury,
that minds of parties met as to continuance of
previous contract of insurance.

**13. Insurance ⬦⇒665(8) — Evidence held to
warrant inference insurance company knew
of mortgagee's interest.**

Evidence *held* to warrant inference by jury
that insurance company knew of mortgage on
property insured, and that mortgagee was to be
payee, so far as his interest appeared.

———

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Insurance ⚖═559(1), 668(15) — Statement held to be one of fact, constituting estoppel, and affirmative charge could not be predicated on statement.**

Statement by agent that plaintiff had no insurance was not a mere opinion but a statement of fact, constituting an estoppel as to failure to give notice of loss, so that affirmative charge could not have been predicated on such statement.

**15. Insurance ⚖═395 — Trial ⚖═232(5) — Court's definition of waiver held not defective.**

Where company informed insured, on request for blanks to prove loss, that he had no insurance, notice of loss was waived, which of necessity waived other affirmative acts, so that failure of court to state, in its definition of waiver, that it must be causa causans of failure of assured to do an affirmative act required of him at time of waiver, was not error.

**16. Trial ⚖═278—Objection to charge held insufficient as not specific.**

A general objection, failing to specify objection taken to charge or to be specific as to part of charge to which exception is taken, and exception being by way of reference only, is insufficient.

Appeal from Circuit Court, Jefferson County; S. F. Hobbs, Judge.

Action on contract of insurance by J. C. McCree against the Liverpool & London & Globe Insurance Company, Limited, of England. Judgment for plaintiff, and defendant appeals. Affirmed.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

The provision of the contract that loss shall not be payable until 60 days after satisfactory proof of loss is valid and binding. 26 C. J. 471; Blumberg Shoe Co. v. Phœnix Assur. Co., 203 Ala. 551, 84 So. 763; 7 Cooley's Briefs on Ins. 1666. To constitute a parol contract of insurance, the mutual consent of the parties to all the elements and terms of the contract is essential. Home Ins. Co. v. Adler, 71 Ala. 517; Gold Life Ins. Co. v. Mays, 61 Ala. 163; Comm. Ins. Co. v. Morris, 105 Ala. 498, 18 So. 34; 14 R. C. L. 882; 15 A. L. R. 1108, note; Liverpool, etc., Co. v. McCree, 210 Ala. 559, 98 So. 880; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175. It will be presumed that the parties contemplate the terms, etc., of the usual form of policy. Hartford F. Ins. Co. v. King, 106 Ala. 519, 17 So. 707; 26 C. J. 50; 1 Joyce on Ins. 182; Cooley's Briefs, 3744. Proof of an oral contract must be clear and convincing. American Can Co. v. Agri. Ins. Co., 12 Cal. App. 133, 106 P. 720; Whitman v. Milwaukee F. I. Co., 128 Wis. 124, 107 N. W. 291, 5 L. R. A. (N. S.) 407, 116 Am. St. Rep. 25; Grimes v. Va. F. & M. Ins. Co. (Tex. Civ. App.) 218 S. W. 810; Kleis v. Niagara F. I. Co., 117 Mich. 469, 76 N.

W. 155; Cunningham v. Conn. F. I. Co., 200 Mass. 333, 86 N. E. 787. Where waiver is predicated upon a denial of liability on one specific ground, and there remains some affirmative act for the assured to perform, the denial must be the causa causans of the failure of the assured to perform that affirmative act. Sou. St. F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51; Cassimus Bros. v. Scottish Union, 135 Ala. 256, 33 So. 163; Cesar v. Virgin, 207 Ala. 148, 92 So. 406, 24 A. L. R. 715; Watts v. Metropolitan Life, 211 Ala. 404, 100 So. 812; Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674; Cooley's Briefs, 2381. Knowledge of breach is essential to a waiver. Queen Ins. Co. v. Young, supra; Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 182; German Ins. Co. v. Comm. F. I. Co., 95 Ala. 477, 11 So. 117, 16 L. R. A. 291; 26 C. J. 293. Mere expression of opinion by an agent cannot be made the basis of a waiver. Cassimus v. Scottish Union, supra. Knowledge acquired by an agent before agency, or outside the line of his duty, is not notice to the principal. Hall & Brown v. Haley, 174 Ala. 190, 56 So. 726; Traders' Ins. Co. v. Letcher, 143 Ala. 400, 39 So. 271; Spivey-Johnson v. Belt Auto Ind. Co., 210 Ala. 681, 99 So. 80. A policy issued by an agent covering property in which he has an interest is voidable. 32 C. J. 1071. Secondary evidence is not admissible unless loss of original is shown. Phœnix Assur. Co. v. McArthur, 116 Ala. 659, 22 So. 903, 67 Am. St. Rep. 154.

Black & Harris and J. Potts Barnes, all of Birmingham, for appellee.

Denial of the existence of a contract is a denial on a specific ground and will support a waiver or constitute an estoppel. Bank of Taiwan v. Union Bank (C. C. A.) 1 F.(2d.) 65; Fireman's Ins. Co. v. Crandall, 33 Ala. 9; Tayloe v. Merchants' F. I. Co., 9 How. 390, 13 L. Ed. 187; O. & M. R. Co. v. McCarty, 96 U. S. 258, 24 L. Ed. 693; Littlejohn v. Shaw, 159 N. Y. 188, 53 N. E. 810; Honesdale Ice Co. v. Lodore Imp. Co., 232 Pa. 293, 81 A. 306; Schillinger Bros. v. Bosch-Ryan Co., 145 Iowa, 750, 122 N. W. 961; Washburn v. Union Central, 143 Ala. 485, 38 So. 1011; Cont. Ins. Co. v. Parkes, 142 Ala. 650, 39 So. 204; Comm. F. I. Co. v. Allen, 80 Ala. 571, 1 So. 202. A replication setting up waiver is good, without alleging that the insured was misled to his injury. Mutual Co. v. Long Clo. Co., 123 Ala. 667, 26 So. 655; Washburn v. Union Central, 143 Ala. 485, 38 So. 1011. The fact the insurance agent was agent for the mortgagee did not render the contract voidable. 32 C. J. 1071; Fiske v. Royal Exchange, 100 Mo. App. 545, 75 S. W. 382. A carbon copy is not secondary evidence. Westbrook v. Fulton, 79 Ala. 510; Burnett Cigar Co. v. Artwell, 164 Ala. 556,

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

51 So. 263; Campbell Motor Co. v. Brewer, 212 Ala. 50, 101 So. 748. A parol insurance contract does not differ in its fundamental requirements from any other contract. Liverpool, etc., Co. v. McCree, 210 Ala. 559, 98 So. 880.

THOMAS, J. The first appeal is reported as Liverpool, etc., Co. v. McCree, 210 Ala. 559, 98 So. 880. The second trial was had on count D, declaring on a verbal contract of insurance.

[1] There was no error in sustaining demurrer of plaintiff to pleas Z and Z–1, setting up the defense that the contract was void, or not binding, without ratification, because Acree, with whom it is alleged plaintiff made the contract of insurance, was, without the knowledge of the defendant company, the agent of the bank holding a mortgage on the cotton, and to whom the contract was made payable. The pleas do not aver an agency of the mortgager or insured. There is no such conflict of interests in such a dual capacity of Acree representing assured and mortgagee as to defeat the policy or require ratification of the acts of the agent; that is to say, a contract of fire insurance is held not avoided as to the owner of the policy by the fact that the agent through whom the insurance was procured was also, without the company's knowledge, acting as agent for the mortgagee of the property to whom the policy was payable as its interest may appear. Fiske v. Regal Exchange Ins. Co., 100 Mo. App. 545, 75 S. W. 382; 32 C. J. 1071.

[2] Demurrers, to replications 1, 2, 3, and 4, directed to pleas 2, 3, 10, A, B, and D, were overruled. Said pleas, in a word, set up (3, B, and D) a failure by plaintiff to render a sworn statement of the loss within 60 days, and (2, 10, and A) the failure to give immediate notice of the loss. Replications 1 and 3 set up facts that amounted to estoppel, and 2 and 4 excused by way of waiver of notice. The respective averments of the replications, after setting up the facts, are:

"And plaintiff further avers that he did rely upon said statement of defendant's said agent, Acree, and did, acting in reliance thereon, refrain from giving the information and notice and proof as required by the terms and provisions of the policy as set up in said plea of the defendant. Wherefore plaintiff says that the defendant is estopped to plead and get the advantage of the matters and things set up in said plea. Wherefore plaintiff says that the defendant has waived the provisions of the policy as set up in said plea, and that the same are of no effect and have no force and application in this cause."

This averment is sufficient answer by way of estoppel and waiver to the pleas that excuse the failure of immediate notice, as well as notice within 60 days of the loss. The evidence supports the replication, and shows that the plaintiff made immediate and sufficient effort to give the notice of the loss and proof thereof by application for blanks, and was informed that no policy was found, and that he had no insurance. Thereafter he had the right to rely on these representations, and the same was a justifying cause for his failure to give immediate notice of the loss and to make proof of loss within 60 days. Thus was the question of estoppel averred by way of replication and proved, as to the respective failures to give immediate notice of the loss (pleas 2, 10, and A) and the required proof of loss within 60 days, as set up in pleas 3, B, and D.

[3] The question recurs, Was there sufficient averment of facts in the replications of waiver as answer to the several pleas? The ground of denial of plaintiff's request for blanks, etc., was specific—"You have no contract of insurance." That is to say, the legal effect of the averred facts was that of a denial of the existence of an insurance contract that covered the subject-matter destroyed by the fire. This was a waiver of other defenses and estoppel to set up any other defense but the specific defense or ground on which the refusal of plaintiff's request for blanks for notice and proof of loss was rested —the denial of the existence of the insurance contract. Honesdale Ice Co. v. Lake, etc., Co., 232 Pa. 293, 81 A. 306; Second Nat. Bank v. Lash Corp. (C. C. A.) 299 F. 371; Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693; Littlejohn v. Shaw, 159 N. Y. 188, 53 N. E. 810; Bank of Taiwan, Ltd., v. Union Nat. Bk. of Philadelphia (C. C. A.) 1 F. (2d) 65. The pleas of waiver and estoppel can be predicated on this definite denial of the existence of the contract. The refusal under the averred facts to give, at plaintiff's request, the usual "papers" on which to give the required notice, and to make the proof of loss within the required time, is but evidence or confirmation of the specific denial of the existence of the contract. Fireman's Ins. Co. v. Crandall, 33 Ala. 9; Strong v. Cathin's Adm'r, 37 Ala. 706; Montgomery v. M. W. W. Co., 77 Ala. 248; Cent. City Ins. Co. v. Oates, 86 Ala. 558, 568, 6 So. 83, 11 Am. St. Rep. 67; Taber v. Royal Ins. Co., 124 Ala. 681, 26 So. 252; Ray v. Fidelity-Phœnix Ins. Co., 187 Ala. 91, 65 So. 536; Cont. Ins. Co. v. Parkes, 142 Ala. 650, 39 So. 204; Tayloe v. M. F. Ins. Co., 9 How. 390, 13 L. Ed. 187; 4 Cooley's Briefs, 3535C; 22 A. L. R. 408, note.

[4] The case of Cassimus Bros. v. Scottish U. & N. Ins. Co., 135 Ala. 256, 33 So. 163, is cited as supporting the view that a replication of waiver must aver that the insured was misled to his injury. The present replications contained sufficient averment as to this if such is required of a waiver. When the replication and the plea are considered together a case of waiver is averred (Southern States Co. v. Kronenberg, 199 Ala. 164,

167, 74 So. 63), and the estoppel supporting the same (Ivy v. Hood, 202 Ala. 121, 123, 79 So. 587). The later cases hold that "misreliance causing injury is not an essential element of waiver." The Cassimus Case has not been followed. Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 610, 98 So. 909. If such was not the rule, estoppel and waiver would be the same. "A waiver may be founded on an estoppel, but it is not necessarily so." The distinction has been preserved by this court. Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 317, 85 So. 298; Washburn v. Union Cent. Life Ins. Co., 143 Ala. 485, 488, 38 So. 1011; Alabama State Mut. L. Ins. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 675, 26 So. 655; Nat. Life & Accident Ins. Co. v. Jackson, 18 Ala. App. 347, 92 So. 201. The replications are not subject to grounds of demurrer urged and argued.

In the present issue the contract is repudiated, the relationship of assured and insurer denied, the plaintiff is informed that there is no policy or contract or liability of insurance. Thus the relationship out of which other defenses arise is denied, and all other grounds of defense are waived in the denial of contractual relations of the parties. Stated in other words, by the denial of the existence of the contract of insurance, the insurer not only waived any defense it may have had under the contract, but is estopped to set up the defenses sought to be presented by said pleas as to contract provisions for notice and proof of loss. This results from the inconsistency of permitting the insurer to unequivocally inform the insured that no contract of insurance exists, and, when suit is brought, plead as a defense under that contract the failure of such notice or proof. Having deliberately assumed one position on which plaintiff relied, and which was the efficient cause of assured's failure to carry out the provisions of the policy as to notice and proof of loss, such assumption is sufficient on which to base a plea of estoppel, as set out in the replication. Ivy v. Hood, 202 Ala. 121, 79 So. 587. In Ohio & Miss. R. Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693, the Supreme Court of the United States said:

"Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law."

The case of Bank of Taiwan v. Union Bank of Philadelphia (C. C. A.) 1 F. (2d) 65, followed the above case, and indicates that the rule is not applicable only where the second party has been misled to his injury by the defense set up by the first party before litigation. There the bank refused to honor a draft, on the ground that the terms of the letter of credit had not been complied with. The Circuit Court of Appeals held that on trial the bank could not set up that plaintiff was not a bona fide purchaser for value, and nothing was said about the plaintiff being misled to his detriment by the ground assigned before litigation. Littlejohn v. Shaw, 159 N. Y. 188, 53 N. E. 810; Honesdale Ice Co. v. Lodore Imp. Co., 232 Pa. 293, 81 A. 306; Schillinger Bros. & Co. v. Bosch-Ryan Grain Co., 145 Iowa, 750, 122 N. W. 961.

There was no reversible error in ruling on demurrer to replications, for reasons we have indicated. Aside from the foregoing, as to all the pleading, the jury found specifically as to all the issues for the plaintiff. Raney v. Raney, 80 Ala. 157; Foster v. Johnson, 70 Ala. 249; Morton v. Bradley, 30 Ala. 683; Jesse v. Carter, 28 Ala. 475; State v. Brantley, 27 Ala. 44; Tuscaloosa Belt R. Co. v. Maxwell Bros., 171 Ala. 318, 54 So. 620.

[5] Defendant admitted, to interrogations propounded under the statute, that it did issue a certificate of insurance on or about December, 1918, to the plaintiff. The testimony of Acree was that he saw Corprew issue said certificate of insurance. There was no error in admitting in evidence, against defendant's objection, the certificate of insurance referred to in foregoing testimony. The carbon was sufficient, in lieu of the other copies made at the same time and as one act. "These policies are in three sheets," made by Mr. Corprew at one time as one act, and the signature was that of said agent's, was the effect of Acree's testimony. Under said evidence, the carbon was introduced as an original. There was no question of primary and secondary evidence presented by the facts. Campbell Motor Co. v. Brewer, 212 Ala. 50, 101 So. 748; Burnett Cigar Co. v. Art Wall Paper Co., 164 Ala. 547, 556, 51 So. 263; Westbrook v. Fulton, 79 Ala. 510; Dumas v. Hunter, 30 Ala. 75; 1 Greenl. Ev. § 561; 2 Id., § 322.

[6] The general objection to the question to (and affirmative answer of) Mr. Pollard, the adjuster, urged by counsel, will not be made the ground of reversal. The answer called for was not plainly incompetent or irrelevant; it corroborated the other evidence of the agency of Acree in apparent authority about the matter of the fire loss and the adjustment thereof by Pollard. Thus the evidence was not plainly and palpably irrelevant. Ala. City, G. & A. R. Co. v. Ventress, 171 Ala. 285, 54 So. 652; Southern Ry. Co. v. Jordan, 192 Ala. 528, 68 So. 418; Huntsville Knitting Mills v. Butner, 200 Ala. 288, 76 So. 54; L. & N. R. Co. v. Kay, 8 Ala. App. 562, 62 So. 1014.

[7, 8] The making of insurance contracts, oral and written, was discussed on former appeal. 210 Ala. 559, 98 So. 880. The burden of proof is the same, whatever the nature of such insurance contracts. The scintilla of evidence is the rule that prevails in this

state; and, if there is evidence or inference therefrom unfavorable to the party requesting the general affirmative charge, it should be refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Ala. Power Co. v. Armour & Co., 207 Ala. 15, 92 So. 111; Schrimscher v. House, 207 Ala. 334, 92 So. 448; Lumber Co. v. Reed, 202 Ala. 322, 80 So. 404; John v. Birmingham Realty Co., 172 Ala. 604, 55 So. 801.

[9-13] The affirmative charge was properly refused; and under the evidence the fact of oral contract to renew the insurance or to insure the property in question was for the jury. The certificate of insurance had expired in June, 1919. Thereafter McCree had the conversation with Acree as to insuring said lot of cotton, the insured testifying that he stated to Jackson in the bank, just as they started to dinner, that he wanted him to renew the cotton insurance, that Acree said he would insure and write it up if it had not already been done, and that, just before expiration of the policy or certificate, Acree stated to plaintiff, "Your cotton is insured." An apparent conflict in statements of a witness or witnesses does not authorize a disregard of the rule; the credibility of a witness is for the jury. Jones v. Bell, 201 Ala. 336, 77 So. 998. The question of agency and extent of authority of Acree and of Jackson was for the jury. Roberts & Son v. Williams, 198 Ala. 290, 73 So. 502. While the witness Acree testified that he was not authorized to countersign certificates at that time, he also said they were the only agents the company, the defendant, had at Dadeville at the time in question —that of the reinsurance. The answers to interrogatories show that R. E. Jackson & Co. was a firm composed of R. E. Jackson, T. C. Acree, and Wm. Gray. Thus is Acree's testimony supported as to who were the only agents of defendant at Dadeville—"We were the only agents," etc. The duration of the insurance is fixed by plaintiff at six months, and the amount to cover increased indebtedness—the "renew(ed) insurance." These words and proof of the previous dealing in the premises were sufficient to afford an inference or finding of fact by the jury that the minds of the parties met as to a continuance of the previous contract. Home Ins. Co. v. Adler, 71 Ala. 517, 526; Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 561, 98 So. 880. The tendency of evidence is sufficient to warrant the inference by the jury of knowledge of the mortgage, that the mortgagee should be payee so far as its interest may appear, by the defendant's agent while acting within the line and scope of his employment for defendant. The mortgage was shown to have been discussed in the conversation between Acree and McCree about or for renewal of the insurance. The evidence afforded this inference of fact, that the knowledge of the mortgage came to defendant's agent as such.

[14] The affirmative charge could not have been predicated on Acree's statement to McCree that the latter had no insurance, and therefore no necessity to give him the required or customary papers for notice and proof of loss. This statement of Acree was not a mere *opinion*, but a statement of *fact*, and of the denial of liability on the one ground stated. It constituted an *estoppel* as to failure to give notice of loss and that of proof of loss. Ivy v. Hood, 202 Ala. 121, 79 So. 587. The affirmative charge and motion as to same was properly ruled upon by the trial court.

[15] The exception taken to the oral charge presents no reversible error. The case of Cassimus Bros. v. Scottish U. & N. Ins. Co., 135 Ala. 256, 33 So. 163, was not followed in Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 610, 98 So. 909. A ground of appellant's insistence is that it is the law in Alabama that, where it is necessary for the assured at the time of the alleged waiver to do some affirmative act, the act constituting the waiver should be the causa causans of the failure of the assured to do that affirmative act; that, since the court failed to state this in its definition of waiver, the definition is defective. Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812. That case was decided on the authority of the case of Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538. The idea of counsel is that one element of waiver is that it must be the causa causans of the failure of the assured to do any affirmative act that remains to be done. In the two cases just cited, the question was whether the company had done anything to excuse or prevent a tender of premiums when due. Judge Brickell stated the law to be that the payment of premiums is a condition precedent to a continuance in force of the policy under the facts before the court. He said:

"It is an elementary principle, that the performance of conditions precedent may be waived, or, if the party, whose responsibility is to arise on their performance, by any act of his prevents the performance, the opposite party is excused from a strict compliance. * * * Whenever a party has been excused from the performance of a condition precedent because of the act of the party to whom performance is due, the act relied on has invariably been of a character that rendered performance impossible; or induced the belief that it was waived; or that if it [the premium] was offered [to be paid] it would not be accepted." Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 551, 552. (Interpolations ours.)

The notice of the loss being waived in the denial of the renewed insurance contract, of necessity waived other affirmative acts in the premises, and manifests an abandonment of any defense by way of forfeiture. Washburn v. U. C. L. Ins. Co., 143 Ala. 485, 38 So. 1011.

[16] It is unnecessary to further pursue the several arguments as to elements of waiver

Under the facts to which the charge is applied, and when the whole statement of the court is considered, there was no error to reverse. Moreover, the objection was general; it failed to specify the objection taken to the charge, or to be specific as to the part or parts of the charge to which exception was taken. The exception was by way of reference only. Ex parte Cowart, 201 Ala. 55, 77 So. 349.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.