BENTLEY *v*. THE COLUMBIA INSURANCE COMPANY

The general authority of an insurance agent, empowered to issue policies in behalf of his principal, does not extend to insuring property which had been consumed, while a written application for the insurance thereof was in the course of transmission from the owner to such agent.

APPEAL from the Supreme Court. The action was upon a policy of insurance against fire, which the complaint

alleged that the defendant, by its agent, delivered to the plaintiff on the 26th of February, 1848, and bearing date that day. Upon the trial at the New-York circuit, before Mr. Justice EDWARDS, it was proved that one Whitney was the general agent of the defendant in the city of New-York, furnished with blank policies, under the seal of the defendant, and signed by its president and secretary, to be issued and take effect when countersigned by Whitney. Whitney assumed to appoint sub-agents, of whom the plaintiff was one, and to give them authority to make contracts for insurance which should be binding upon the company from the date of applications, until, upon reference to Whitney, they should be rejected by him. Upon the question whether the company had conferred any authority upon Whitney to appoint the plaintiff a sub-agent, either by original delegation or by ratification of his acts, there was conflicting evidence.

The plaintiff was a forwarding and commission merchant in the city of Albany, and on February 26, 1848, had on store, for sale as factor, eight hundred and fifteen barrels of flour, and a quantity of grain consigned to him. He had no grain, flour or country produce belonging to himself, except some peas and clover seed, the value of which was less than $7.00. On February 28, 1848, the plaintiff wrote to Bentley in New-York that he wished insurance for $4,000 for two months; that he had eight hundred barrels of flour in store, besides other produce, and proposed the insurance in these terms: "C. W. Bentley, $4,000 on flour, grain and country produce, his own, or had on storage or commission, in his store-house at Albany."

This letter was enclosed in one addressed to a Mr. Thompson, who handed it to Whitney during the morning of March first. The property, the insurance of which was asked, had been destroyed by fire during the preceding night, and information of the fact was communicated by a telegram to Thompson, and by him to Whitney, in the course of the

Bentley *v.* The Columbia Insurance Company.

same afternoon. There was conflicting evidence upon the question whether Whitney actually read the plaintiff's letter, or was informed of its contents, before he was apprised of the fire. He took no action in reference to the proposal until the following day, when, as he testified, esteeming himself bound so to do, under his arrangement with the plaintiff, he filled up and countersigned a policy conforming to the terms contained in the plaintiff's letter, and delivered it to him. A verdict having been taken, subject to the opinion of the court, and judgment for the defendant rendered at general term, in the first district, the plaintiff appealed to this court.

*Francis B. Cutting*, for the appellant.

*Edgar S. Van Winkle*, for the respondent.

JOHNSON, Ch. J.   Even if, upon the evidence, there was ground to hold that Bentley's appointment as sub-agent by Whitney was authorized or ratified by the company, as to which I express no opinion, he had not authority to issue a policy, or to make an agreement to issue a policy to himself. This point was adjudged in *The New-York Central Insurance Company* v. *The Protection Insurance Company* (14 *N. Y.*, 85). There was, therefore, no contract to insure, nor anything tending towards a contract, except a bare application for insurance, before the loss had actually taken place. The agent in New-York did not receive the application until after the loss had occurred, nor did he do any act accepting the risk until after the loss was known to him. In *Taylor* v. *The Merchants' Fire Insurance Company* (9 *How. U. S. R.*, 370), the law on this subject is laid down in accordance with the settled rule in respect to the acceptance of propositions for contracts relating to other subjects, that a proposition becomes a binding contract when the party to whom it is made signifies his acceptance of it to the proposer. In

that case, where the proposition was sent by mail, mailing an answer of acceptance was held to be conclusive. The same doctrine is held by this court in *Vassar* v. *Camp*, (1 *Kern.*, 441), following *Mactier* v. *Frith* (6 *Wend.*, 104), where it was held that the doing of some overt act of acceptance, as mailing a letter of acceptance, would consummate the contract. There was in this case, no contract at the time of the loss, nor any before the loss was known to the agent. Nor does the case furnish any evidence of authority to Whitney to enter into agreements to pay for losses already occurred, when the company he represented was under no precedent obligation.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.