## VOLUME 73,

AND

## New York State Reporter,

## VOLUME 107.

---

(36 Misc. Rep. 405.)

### HENSHAW v. INSURANCE CO. OF STATE OF NEW YORK.

(Supreme Court, Trial Term, Kings County. December, 1901.)

1. INSURANCE—ISSUANCE OF POLICY—PRIOR DESTRUCTION OF SUBJECT-MATTER.
   Where the subject-matter of a fire policy is destroyed, within the knowledge of the insured, prior to the issuance of the policy, and he does not reveal such fact to the insurer, the contract is fraudulent, and not binding.

2. SAME—AUTHORITY TO ISSUE POLICY—ULTRA VIRES.
   It is ultra vires for an insurance company to issue a policy against loss or damage which it knows has already taken place.

3. SAME—POLICY—CONSTRUCTION.
   Where an insurance company applied for reinsurance on certain property, and before the issuance of the policy part of the subject-matter was destroyed, and the company applied to when mailing a policy stated that they understood a portion of the property covered was destroyed, and that it would be necessary for the applicant to furnish corrected forms, the contract did not cover the property destroyed.

Action by William W. Henshaw against the Insurance Company of the State of New York. Judgment for the defendant.

Action upon a fire policy of reinsurance issued by the defendant to the plaintiff's assignor, the Virginia Fire & Marine Insurance Company of Richmond, Va. On June 30, 1899, the said Virginia Company mailed a letter to the agents of the defendant in New York City applying for a policy of reinsurance on a risk which said Virginia Company had on buildings, machinery and other personal property in Virginia for one year from June 27, 1899, and enclosing forms therefor. Half an hour afterwards a fire broke out on the insured plant and destroyed and damaged part of it. The Virginia Company was informed thereof on July 1st. On that same day the said agents of the defendant at New York received such application, and on July 3d they mailed the policy applied for to the Virginia Company with a letter saying that the morning newspapers of that day reported a considerable loss on the

73 N.Y.S.—1

insured plant, and that "as we understand it a portion of the property covered under the form sent has been destroyed, and it will be necessary for you to furnish us with corrected forms." The Virginia Company on receipt of such policy claimed that the defendant was liable for its share of the loss, and assigned the policy to the plaintiff to sue therefor.

Eustace Conway, for plaintiff.
Coudert Bros., for defendant.

GAYNOR, J. As the insured knew at the time the policy of reinsurance was issued that some of the property had already been destroyed the contract of reinsurance did not cover the destroyed property, but only the part of it in existence. A contract of insurance may be retrospective where by reason of the remoteness of the property it is not known to the insured whether it is not already destroyed, a familiar case being the insurance of ships and cargoes at sea, "lost or not lost"; but if the insured know of its loss, and does not reveal it, the contract is fraudulent and not binding. 2 Pars. Cont. 444; 3 Kent, Comm. 258; Insurance Co. v. Folsom, 18 Wall. 237, 21 L. Ed. 827; Bentley v. Insurance Co., 17 N. Y. 421; Hallock v. Insurance Co., 26 N. J. Law, 268; Insurance Co. v. Hallock, 27 N. J. Law, 645, 72 Am. Dec. 379; Security Fire Ins. Co. of New York v. Kentucky Marine & Fire Ins. Co., 7 Bush, 81, 3 Am. Rep. 301; Hammond v. Allen, 2 Sumn. 387, Fed. Cas. No. 6,000. The policy in this case by its terms covers a period prior to the fire; it is true, viz., from June 27, 1899, but its legal effect can only be to insure the part of the property in existence at the time the policy was issued, viz., on July 3d, and in the condition it then was. Moreover, in this case the insurer also knew of the fire, and it would be ultra vires for it to insure property against damage or loss which it knew had already taken place. In addition to all this the letter sent by the defendant with the policy shows that the policy was expressly delivered as covering property then in existence only, and this was therefore the contract.

Judgment for the defendant.