Argued July 20, decided July 25, 1911.

## SALENE *v.* QUEEN CITY FIRE INSURANCE CO.

[116 Pac. 1114.]

INSURANCE—POWER OF SOLICITING AGENT—CONTRACTS—VALIDITY.

1. An agent of an insurance company with authority to act for it in contracting insurance, countersigning policies, and delivering them, cannot issue a policy to himself on his own property unless the company, with knowledge of the facts, ratifies his act.

PRINCIPAL AND AGENT—DEALING WITH AGENTS—RIGHTS OF THIRD PERSONS.

2. One who deals with an agent assuming to act for his principal, and who knows the limitations of the agency, cannot bind the principal by any act in excess of such authority.

INSURANCE—FIRE INSURANCE—CONTRACTS—VALIDITY.

3. A mortgagee knew that the mortgagor was an agent of a fire insurance company with power to act for it in contracting insurance. The mortgagor issued a policy on the property payable to the mortgagee as his interest might appear. *Held,* that the mortgagee was chargeable with knowledge of the want of power of the mortgagor to issue a policy on his own property, and to hold the company he must show that it approved or ratified the policy with knowledge of the facts.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Christine Salene against the Queen City Fire Insurance Company, of Sioux Falls, South Dakota, a corporation, to recover the amount alleged to be due under an insurance policy issued by the defendant company, in which the loss, if any, was made payable to plaintiff as mortgagee.

It was stipulated by the parties that this cause should be heard upon appeal on the findings made by the lower court as upon an agreed statement of facts, together with the fire insurance policy thereto attached as a part of the same. From these sources we glean that Frank J. Rowland and his wife, Louise Rowland, at the date of the policy were owners of certain real property in Columbia County upon which they were then erecting a dwelling house. At that time also Rowland was an agent of the defendant company at St. Helens in that county having authority to act for it in contracting insur-

ance, countersigning insurance policies, and delivering the same to persons securing fire insurance from that company. At the date of the policy the plaintiff loaned to Rowland and his wife $1,000 in cash as evidence of which the Rowlands executed to her a promissory note of that date due in three years and secured the same by mortgage on their real estate mentioned and, further, as a part of the consideration for the loan and as a part of the transaction Rowland issued the fire insurance policy in question, countersigned the same as such agent and delivered it to the plaintiff. Attached to the policy, and signed by Rowland as agent for the defendant company, was the "Standard Mortgage Clause with Full Contribution," sometimes known as the "Union Mortgage Clause." It provided:

"Loss or damage, if any, under this policy shall be payable to Christine Salene or assigns at St. Helens, Oregon, mortgagee, as interest may appear, and this insurance as to the interest of the mortgagee only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceeding or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; *provided,* that in case the mortgagor or owner shall neglect to pay any premium under this policy, the mortgagee shall, on demand, pay the same; *provided also,* that the mortgagee shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee, and unless permitted by this policy, it shall be noted thereon and the mortgagee shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

The standard mortgage clause in question further provided for the right of the company to cancel the policy, for proportional liability in case other insurance is effected

upon the property, and for subrogation of the company to rights of the mortgagee in case of payment to the latter under the policy.  It further appears from the findings of fact that the plaintiff before she paid any money to Rowland knew that he was the agent of the defendant and was also one of the owners of the property upon which he was attempting to effect insurance by means of the policy in question.  The defendant never received any premium on account of the policy and did not know that the same had been issued until after the property in question was destroyed by fire.  In fact, it knew nothing whatever of the transaction in any way until after the fire, and, upon the matter being brought to its notice, disaffirmed the action of Rowland and refused to accept, ratify, confirm, or approve the same.  The building was destroyed by fire July 18, 1909, at which time the plaintiff's note and mortgage were in full force and effect and wholly unpaid.  Plaintiff complied with the terms of the policy in the matter of giving notice of the loss and demanding payment of the amount of insurance.  The circuit court gave judgment for the defendant and dismissed the action, from which the plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Coovert & Stapelton,* with an oral argument by *Mr. Elmer E. Coovert.*

For respondents there was a brief over the names of *Mr. U. S. G. Cherry, Messrs. Wilbur & Spencer, Mr. Arthur M. Dibble,* and *Mr. Wilfred E. Farrell,* with an oral argument by *Mr. Farrell.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It may well be conceded that the standard mortgage clause attached as a slip to the policy, if executed with authority or ratified afterwards by the company with full knowledge of the facts, would constitute an inde-

pendent contract between the insurer and the mortgagee upon which the latter may bring an action directly against the former. *Brecht* v. *Law Union & Crown Insurance Co.*, 160 Fed. 399 (87 C. C. A. 351: 18 L. R. A. [N. S.] 197); *Bacot* v. *Phoenix Fire Insurance Co.* (Miss.) (50 South. 729: 25 L. R. A. [N. S.] 1226). In these cases, as well as in all those cited by the appellant in support of this proposition, the insurance was effected by agents having authority to bind the insurance company and acting solely in the interests of the company. They all contain the feature that the mortgagee had no knowledge of misrepresentation as to title or condition of the property or other disqualifying act of the mortgagor. This element pervades all the cases cited and puts the mortgagee in the role of an innocent party. In this case, however, the innocence is on the other side. It is conceded that the defendant never received the premium for the policy in question and, furthermore, had no notice whatever of the transaction between the mortgagor and mortgagee until after the building had been destroyed by fire.

1. It is granted by the appellant that the policy was absolutely void as to Rowland for the reason that, without the knowledge and ratification of his principal, the agent cannot bind the principal in a transaction carried on in the agent's own interest. *Arispe Mercantile Co.* v. *Capital Insurance Co.*, 133 Iowa 272 (110 N. W. 593: 9 L. R. A. [N. S.] 1084). The basic reason of this principle is that no man can serve two masters. An agent cannot act in his own interest and at the same time in the adverse interest of his principal without the affirmative knowledge and approval of the principal.

2. It is contended that, inasmuch as Rowland was the local agent of the defendant, it was bound by his acts within the scope of his real or apparent authority; but it is equally true that, if one dealing with an agent assum-

ing to act for his principal and at the time knows the limitations of the agent's authority, the former takes nothing by any act of the agent in excess of that authority.

3. Here, the plaintiff knew that Rowland was the owner of the property to be insured, and also knew that he was undertaking to act as the agent of the company in his own interest as against that of the company in the transaction. She knew that Rowland was providing a security for the possible payment of his debt out of the funds of the company. Aware of all these things, she dealt with him at her peril, and, if she would recover from the company, she must bring home to the latter knowledge of the whole transaction before any liability arose upon the policy and further show that it approved or ratified the same, having such knowledge. The law imputes to her knowledge of the legal effect of the agent's operating in his own interest and adversely to the principal whom he claimed to represent. The conclusion of the whole matter is that the contract embodied in the standard mortgage clause attached to the policy was not executed as to the defendant because the person assuming to act for and bind the defendant had no authority to so act and plaintiff knew he had no such authority. Her rights cannot rise above their source, which, as we have seen, is the void act of the mortgagor, Rowland. The contract thus executed furnishes her no cause of action.

The judgment is affirmed.                    AFFIRMED.