(99 South. 80)

## SPIVY–JOHNSON PORTRAIT CO. v. BELT AUTOMOBILE INDEMNITY ASS'N.
### (6 Div. 993.)

(Supreme Court of Alabama.   Jan. 17, 1924.
Rehearing Denied Feb. 7, 1924.)

**1. Appeal and error ⊜⇒1015(4)—Action ' of trial court in granting new trial not disturbed unless evidence plainly supports verdict.**

The Supreme Court will not disturb the action of the trial court in granting a new trial for excessiveness of damages, unless the evidence plainly and palpably supports the verdict.

**2. New trial ⊜⇒70—No error in granting new trial where verdict not supported by evidence.**

In an action on a fire policy for the loss of an auto, in which the amount recoverable was limited by the policy to the actual value at the time of loss, the court did not err in granting a new trial where the verdict was not supported by the evidence as to the value of the car when destroyed.

**3. Insurance ⊜⇒499—Recovery in action on policy and for conversion limited to actual value of car before fire.**

In an action under a fire policy for damage to an auto by fire, and for the value of the damaged car alleged to have been converted by the insurer, such damages could not, when added to the partial loss by fire, make the total recovery greater than the actual value of the car immediately before the fire.

**4. Insurance ⊜⇒499—Promise to pay loss held not to extend recovery beyond secured loss.**

In an action under a fire policy for damages to an automobile by fire, an unconditional promise of insurer to pay the loss could not authorize recovery of more than the secured loss.

**5. Insurance ⊜⇒378(4)—Knowledge of agent of insurer as to incumbrance held not notice to insurer.**

That the agent of the insurer who took the application for a fire policy held a mortgage on the car was not notice to the insurer, and did not constitute waiver of the warranty against mortgages.

**6. Insurance ⊜⇒394—Agreement to pay with knowledge of existence of mortgage held a waiver of breach of warranty. ,**

Where insurer's adjuster acquired knowledge soon after a fire that the insured car was incumbered, and communicated such fact to the home office, who thereon agreed to pay the loss in response to notice from one who was negotiating for the purchase of the mortgagee's interest, there was a waiver of the breach of warranty against incumbrances.

**7. Trover and conversion ⊜⇒8—Plaintiff held entitled to treat act of insurer in storing damaged property without offer to return as conversion.**

If the insured, soon after a fire, turned the damaged car over to a mortgagee, and the insurer ordered the mortgagee, as agent of the insurer, to store the car, thereby assuming dominion, and caused storage charges to accrue against it, and the car remained under control of insurer until time suit was brought, without an offer to return it to the owner, an assignee of the owner and mortgagee had the election to treat such act as a conversion and sue in trover or case, or waive the tort and sue in assumpsit, in connection with counts on the policy.

**8. Trover and conversion ⊜⇒47—Measure of damages where plaintiff entitled to treat act of insurer as conversion.**

Where the insured's assignee was entitled to treat the act of insurer in assuming dominion over a car damaged by fire as a conversion, and to sue in trover or case, or waive the tort and sue in assumpsit in connection with counts on the policy, the aggregate amount of recovery would be the cash value of the car immediately before the fire, less any damage from removal of parts or otherwise between the date of the fire and the date of conversion; the insurer losing the right to insist on paying the cost of repairs which by its own act it had failed to do or allow to be done.

**9. Insurance ⊜⇒502—Measure of recovery for damage to automobile.**

If insurer merely advised the mortgagee of a damaged car in the interests of all parties to shelter the car pending proof of loss and adjustment, and the mortgagee, having control of the car, put it in storage, an assignee of the insured and mortgagee took the car cum onere, and could only recover the value of the car immediately before the fire, less its salvage value after the fire, or, if capable of being rebuilt with parts of like material and quality, then the reasonable cost of such repairs.

Appeal , from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action on an automobile fire insurance policy by the Spivy-Johnson Portrait Company against the Belt Automobile Indemnity Association. From a judgment granting defendant's motion for a new trial, plaintiff appeals. Affirmed.

William S. Pritchard and J. D. Higgins, both of Birmingham, for appellant.

It is an invasion of the jury's province to set aside a verdict that is not clearly against the weight of the evidence. 29 Cyc. 821; Stull v. Daniel Mach. Co., 207 Ala. 544, 93 South. 587; Birmingham Bank v. Bradley, 116 Ala. 142, 23 South. 53. The motion for new trial must point out with certainty an error justifying a new trial. Bank of Dothan v. Wilks, 132 Ala. 573, 31 South. 451.

Davis & Locke and Metz & Griffith, all of Birmingham, for appellee.

The action of the trial court in setting aside a verdict and granting a new trial on the ground that it is contrary to the weight of the evidence, or is excessive, will not be disturbed on appeal, unless the evidence plainly ' and palpably favors the verdict. Newman v. Morgan, 202 Ala. 606, 81 South.

548; Cobb v. Malone, 92 Ala. 630, 9 South. 738; So. Ry. Co. v. Cleveland (Ala.) 60 South. 799; Cox v. B. R., L. & P. Co., 163 Ala. 170, 50 South. 975.

BOULDIN, J. The action is founded on an automobile fire insurance policy. Common counts and counts in trover were added, relating to the same subject-matter. The appeal is from the judgment of the court below granting a new trial on motion of defendant.

One ground of the motion was that the verdict was excessive.

[1] This court will not disturb the action of the court below in such cases unless the evidence plainly and palpably supports the verdict. Cobb v. Malone, 92 Ala. 630, 9 South. 738; Newman v. Morgan, 202 Ala. 606, 81 South. 548.

[2] This issue brings before us the question of the amount recoverable under the contract of insurance.

The policy first insures against loss or damage to the automobile by fire "in an amount not exceeding $1,508." Then follows a schedule of maximum amounts allowed on an automobile purchased new, one purchased secondhand, and one on which a special amount is allowed. These schedules provide for a monthly depreciation of maximum values during the running of the policy, the per centum of depreciation varying in different classes of cars. The stated amount, $1,508, is manifestly figured on the first schedule applying to a car purchased new, viz, 90 per cent. of the list price of $1,675. Deducting the depreciation to the time of the loss, 1½ per centum per month, and adding interest to date of trial, the verdict of $1,750 would not be excessive for a total loss. But these provisions relate to the maximum coverage. No matter what the actual loss may be, the insurance is limited to these scheduled amounts. The actual amount recoverable, not exceeding these maximums, is fixed by the liability clause, which says:

"The association shall not be liable beyond the actual cash value of the property destroyed or damaged as of the time of destruction, loss, or damage."

The only direct evidence of such value found in the record is that of plaintiff's witnesses Hammond and Lyle, both of whom fix the value at $1,250. This amount, with interest, is materially less than the verdict.

[3] The common counts and the counts in trover sought recovery for the value of the damaged car alleged to have been converted by the defendant. This, added to the partial loss, on which the counts proceed, could not, under the evidence, make the total recovery greater than the actual value of the car immediately before the fire.

[4] Neither would an unconditional promise to pay the loss, as set up in a special count, extend beyond the secured loss.

We cannot, therefore, find reversible error in the ruling of the court granting a new trial.

The numerous other rulings on pleading and evidence need not be here reviewed in detail. A few principles, mostly admitted in briefs, will furnish some guide to the trial court, if the case comes to another trial.

[5] The knowledge of Hammond, the agent of the insurer, who took the application for the policy, that he personally held a mortgage on the car, was not notice to the insurer. Such knowledge by Hammond did not constitute a waiver of the warranty against mortgages. Riverside Development Co. v. Hartford Ins. Co., 105 Miss. 184, 62 South. 169, Ann. Cas. 1916D, 1274; 22 Cyc. 1435.

[6] However, knowledge of the existence of the Hammond mortgage, acquired by the adjuster soon after the fire, and communicated to the home office, followed by the telegram to the attorneys at Birmingham agreeing to pay the loss, was a waiver of the breach of the warranty against incumbrances. It is admitted this telegram was in response to a notice from plaintiff touching negotiations to purchase Hammond's interest in the policy and the car. Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 South. 537. This telegram, however, was not an agreement to pay as for a total loss.

The issue raised as to the use of the car for business purposes is not so presented at this time as to call for decision. The schedule of warranties should be construed in connection with the conditions set out earlier in the policy, especially exclusion No. 8.

The chief controversy in the case arises over the question of partial or total loss. In this connection the handling of the damaged car after the fire becomes material.

[7, 8] If Jackson, the insured, soon after the fire, turned over the damaged car to Hammond, as mortgagee, and shortly thereafter the adjuster of the insurer inspected the car and ordered Hammond, as agent of the insurer, to store the car, thereby assuming dominion over the car and causing storage charges to accrue against it, what then? The insurer had the option to repair the car on giving 30 days' notice. This notice was not given and no repairs ever made. It follows, in such event, that, if the car remained under the control of the insurer in storage to the time suit was brought, without offer to return it to the owner, the plaintiff had the election to treat such act as a conversion, and sue in trover or case, or waive the tort and sue in assumpsit in connection with counts on the policy. In that event the aggregate amount of recovery would be the cash value of the car immediately before the fire, less any damage from removal of parts or otherwise btween the date of the fire and the date of conversion. The insurer would lose the right to insist on paying the cost of

repairs which by its own act it had failed to do or allow to be done.

[9] On the other hand, if the adjuster, knowing Hammond's interest in the car as mortgagee, or as representative of Jackson, the insured, merely advised him in the interest of all parties to shelter the car pending proof of loss and adjustment, and thereupon Hammond, having such control of the car, put it in storage and it so remained, this plaintiff took the car under the assignments from Jackson and Hammond cum onere. In this event plaintiff could only recover the value of the car immediately before the fire, less its salvage value after the fire, or, if capable of being rebuilt with parts of like material and quality, then the reasonable cost of such repairs. All this is subject to the finding whether there was an agreement binding on the insurer, after notice of all the facts, to pay as for a total loss.

The judgment awarding a new trial is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.