## Weatherholt v. National Liberty Insurance Company.

(Decided October 10, 1924.)

### Appeal from Breckinridge Circuit Court.

1. Insurance—Agent Cannot Insure his Own Property as Agent, but Acts for Both.—Insurance agent cannot act as agent for company in procuring and writing fire insurance on his own property, and in such case he acts both for himself and company, whether application is made directly or indirectly.

2. Principal and Agent—Public Policy Forbids One to Contract with Himself as Agent for Another, Without Acquiescence or Ratification.—Public policy forbids one to enter into contract with himself as agent for another, without acquiescence or ratification of principal.

3. Insurance—Insurance Company Not Estopped to Deny Authority of Agent to Prepare Policy on His Own Property.—Insurance company was not estopped to deny right of agent to prepare policy of insurance in his own favor upon his own property, by reason of its having previously acquiesced in policies so prepared; having right to reject any such contracts up to time of acceptance.

CLAUDE MERCER for appellant.

BRUCE, BULLITT & GORDON and MOORMAN & WALL for appellee.

Opinion of the Court by Chief Justice Sampson—Affirming.

Appellant Weatherholt was the local agent for appellee, National Liberty Insurance Company, in Breckinridge county, writing fire insurance and collecting premiums. He owned at different times during the period of his agency several parcels of improved real property which he insured against fire in the appellee company by writing a policy to himself and paying the premium.

On Monday, August 28th, 1922, he prepared a policy in his favor for $3,000.00 on his residence. The policy was dated August 27th, which was Sunday. He testified that he mailed his daily report on the same day he wrote the policy, August 28th, to the Kentucky Actuarial Bureau, at Louisville, but it was not received by the bureau, according to its stamp, until August 30th. The bureau forwarded the policy to the Chicago office of the insurance company and it was received there on September 1st, and that was the first notice the company had that such policy had been written. On August 29th, the day following the issual of the policy, a fire occurred which destroyed the insured property, and this action was instituted by appellant Weatherholt against the insurance company to recover on the policy. As soon as it received notice of the loss by fire it denied liability. The notice of loss came to the office of the insurance company before the policy arrived. No agent of the company had seen or acted upon or accepted the policy until the fire occurred. These facts were all admitted, but appellant Weatherbolt insists that the appellee insurance company, is estopped to deny the validity of the policy by a long course of dealing established between the company and himself whereby it allowed him to insure his own property against fire by writing policies in his own favor in appellee company and appellee company accepting the policies when forwarded to the office, together with premiums and reports thereon; and it cannot now, after the happening of the fire, assume a position inconsistent with its former acts and conduct to the prejudice of appellant, who had acted in reliance upon such conduct and representation. He relies upon the following cases in support of this contention: I. C. Ry. Co. v. Doss, 137 Ky. 659; York v. East Jellico Coal Co., 25 Ky. L. Rep. 927; Givens v. Providence Coal Co., 22 Ky. Rep. 1217.

In argument counsel for appellant asked:

"Will this court permit the appellee herein thus to play with the vital financial well being of the appellant, Marion Weatherholt, by permitting it, for years,. to profit at his expense, in permitting him to write policies of insurance on his own property and, too, being the beneficiary of the loss clause in a number of policies, without protest, and then as quickly as a loss occurs, permit it to deny liability and escape paying his losses?"

Appellee company insists that it is not liable upon a policy issued by its agent covering his own property unless and until it accepts the risk. Section 660, Joyce on Insurance, 2nd edition; Zimmerman v. Dwelling House Insurance Co. (Mich.), 33 L. R. A. 698; Arispe Mercantile Co. v. Capitol Ins. Co. of Des Moines, Iowa, 9 L. R. A. (N. S.) 1084; Bentley v. Columbia Ins. Co., 17 N. Y. 421; London & Lancashire Fire Ins. Co. v. Turnbull & Co., 86 Ky. —. The general rule on the subject is that an insurance agent cannot act as agent for the company in procuring and writing fire insurance on his own property, for in such a case he acts both for himself and the company, whether application is made directly or indirectly. He is both insurer and insured.

"As between the agent and the company," says 22 Cyc. 1435, "the acts of the agent will not be binding where they are in his own interest and contrary to the interest of the company in which he has attempted to act." Supporting this text is cited the case of Spare v. Home Mutual Insurance Co., 19 Fed. 14, holding, according to well recognized principles of agency, that an agent cannot act for himself as insured and for the company as insurer at the same time, and a policy issued by an agent for the company on his own property is invalid. This certainly is the rule in every case until the policy contract has been received and accepted by the company in one form or another. A just public policy forbids one to enter into a contract with himself as agent for another without the acquiescence or ratification of the principal. One of the most splendid as well as beautiful statements of the principle involved is found in the opinion of Spare v. Home Mutual Insurance Co., *supra,* where the court observed: "The law has too much regard for the infirmity of human nature to allow a person to be subjected to the temptation of acting as an agent in a matter in which he has an inter-

est adverse to his principal. The law, dealing with the average integrity and disinterestedness, wisely assumes that no man can faithfully serve two masters whose in-. terests are in conflict.'' In the case at bar the facts were submitted to the court without the intervention of a jury and the following separation and findings of fact and law were made:

''The court finds as a fact that Marion Weatherholt, plaintiff, was the agent of the defendant company, and that as such he insured his own property for which this recovery is sought and that the loss occurred before the company had accepted or approved the policy or application by any other agent.''

Finding of law:

''The court finds the law of Kentucky to be that insurance so written as under the facts of this case is not binding until approved by the company by some other authorized agent.''

A splendid statement of the principle relied upon by appellee company is contained in Joyce on Insurance, page 1514, where it is said:

''If one acts by an agent, whether insured or insurer, he is entitled to the exclusive services of the agent in the transaction, and to the full benefit of the agent's judgment and ability in making terms with the other party, and if the same person assumes to act for both parties to a bargain, he takes upon himself duties which are incompatible, and a contract made by him in such double capacity may be avoided by either party, unless made by the express authority ofthe principal, or subsequently ratified by him, with full knowledge of the facts, and the principal, not having authorized or ratified the acts of such agent, may repudiate the transaction without regard to any question of actual fraud or of benefit or detriment accruing to him from such acts.''

We do not put much store by appellant's contention that the company was estopped to deny his right to prepare a policy of insurance in his own favor upon his own property in the company because he has before done so in a few instances at widely separate times. In those cases the company accepted the policies and acquiesced in the conduct of the agent in writing the policies. It had, how-

ever, a right to reject any of those contracts up to the time it accepted them. We think it a sound principle of public policy that no contract made by an agent with his principal where the agent is vitally affected without the principal's consent and acquiescence should become binding and effectual against the principal or some other agent disinterested in the matter and having authority to act for the principal in the premise, accepts or acquiesces in the contract made by the original agent. Nor do we think that an agent by writing one or more such contracts in which the principal later concurs should be able to plead such acts as an estoppel against the principal in any subsequent case where the agent made the contract between himself and the principal without the principal's knowledge or acquiescence. It opens the door for easy accomplishment of fraud. We, therefore, conclude that upon principle as well as authority the facts pleaded by appellant were not sufficient in law to estop the insurance company from relying upon the general rule of law that it is not liable upon a policy of insurance issued by an agent covering his own property until the company accepts the risk. As the trial court reached this conclusion the judgment is affirmed.

Judgment affirmed.