(January 17, 1927.)

ROBERT H. MUNCEY and ANGELINE MUNCEY, His Wife, Appellants, v. SECURITY INSURANCE COMPANY, a Corporation, Respondent.

[252 Pac. 870.]

INSURANCE—INSURANCE AGENT AS APPLICANT—LIABILITY OF COMPANY —ACCEPTANCE WITH KNOWLEDGE OF RISK—MOTION FOR NONSUIT— WAIVER—MOTION NOT WAIVED BY CROSS-EXAMINATION.

1. Where an insurance agent himself is an applicant for insurance, the company is not bound or obligated, unless, being fully informed of facts, company accepts risk.

2. In action on fire policy written by agent on his own property, offer of proof, showing only that insurer had asked for and desired all of agent's insurance, was properly rejected, in that it failed to show insurer had accepted risk.

3. In action on fire policy written by agent on his own property, nonsuit was properly entered, in absence of proof that policy was accepted by insurer with knowledge of risk.

4. When motion for nonsuit is made at close of plaintiff's evidence and is denied and defendant thereafter submits evidence in support of defense, motion for nonsuit is waived unless renewed at close of all evidence.

5. Defendant's motion for nonsuit, made at close of all evidence in plaintiff's case, was not waived by reason of cross-examining plaintiff's witness, whether or not it thereby obtained evidence for itself.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Chas. L. Heitman, Judge.

Action to recover on policy of insurance. Judgment for respondent. *Affirmed.*

Lynn W. Culp, for Appellants.

Where an agent writes a policy covering his own property, his act is not void but merely voidable. (12 Ann. Cas. 95, 96.)

The evidence and the offer of proof shows, not only that the appellants were assured by the respondent that the policy in question would be accepted, but that the business was actually solicited by the state agent of the insurer. (*Arispe Mercantile Co. v. Queen Ins. Co.,* 141 Iowa, 607, 133 Am. St. 180, 120 N. W. 122; *Citizens' State Bank v. Shawnee Fire*

---

Publisher's Note.

1. Insurance of property in which agent is interested, see notes in 12 Ann. Cas. 95; 9 L. R. A., N. S., 1084; 49 L. R. A., N. S., 972. See, also, 14 R. C. L. 873.

See Insurance, 32 C. J., sec. 130, p. 1055, n. 92; sec. 149, p. 1071, n. 76; p. 1091, n. 76; sec. 749, p. 1071, n. 74.

Trial, 38 Cyc., p. 1561, n. 53; p. 1562, n. 54.

*Ins. Co.,* 91 Kan. 18, 137 Pac. 78, 49 L. R. A., N. S., 972.)

Four days after it claims it rejected the policy, the company forwarded to the insured blanks for full reports on the loss. This amounts to a ratification, and if this were all, would be sufficient to bind the respondent. (22 Cyc. 1435 (in note 21).)

Bert A. Reed and Ezra R. Whitla, for Respondent.

"In an action to recover on an insurance policy, the plaintiff must plead and prove the performance of all conditions precedent, or a waiver by the insurer." (*Shawnee Fire Ins. Co. v. Knerr,* 72 Kan. 385, 83 Pac. 611; *St. Paul Fire & Marine Ins. Co. v. Mittendorf,* 24 Okl. 651, 104 Pac. 354, 28 L. R. A., N. S., 651.)

"A ratification of the unauthorized acts of an agent in order to be effectual and binding on the principal must have been made with a full knowledge of all the material facts surrounding the transaction." (*Naylor Co. v. Bowman,* 39 Ida. 764, 230 Pac. 347.)

"An agent of an insurance company cannot act as such in insuring his own property; and, where he writes a policy on his own property, it must be approved by the company before it constitutes a contract." (*Zimmermann v. Dwelling-House Ins. Co.,* 110 Mich. 399, 68 N. W. 215, 33 L. R. A. 698; *Wildberger v. Hartford Fire Ins. Co.,* 72 Miss. 338, 48 Am. St. 558, 17 So. 282, 28 L. R. A. 220; *British-American Assur. Co. v. Cooper,* 6 Colo. App. 25, 40 Pac. 147; *Ramspeck v. Pattillo,* 104 Ga. 772, 69 Am. St. 197, 30 S. E. 962, 42 L. R. A. 197; *Salene v. Queen City Fire Ins. Co.,* 59 Or. 297, 116 Pac. 1114, 35 L. R. A., N. S., 438; *Spring Garden Ins. Co. v. Wood,* 194 Fed. 669, 114 C. C. A. 416; *Weatherholt v. National Liberty Co.,* 204 Ky. 824, 265 S. W. 311; *Firemen's Fund Co. v. McGreevy,* 118 Fed. 415, 55 C. C. A. 543.)

GIVENS, J.—Appellant Muncey was the agent in Coeur d'Alene for the respondent Security Insurance Company for the purpose of writing insurance. On September 1, 1923,

appellant wrote a $1,500 policy of insurance upon a private barn located on farm property belonging to him. Some time after the date the policy was written, presumably about the fourth and not later than the seventh day of September, 1923, the barn burned. Settlement of appellants' loss not having been made this suit was instituted. Certain evidence was introduced and appellants tendered an offer of proof which was objected to on the ground that there being no evidence showing acceptance of the risk after the policy was written, respondent was not bound or obligated thereby. The objection was sustained and plaintiff rested, whereupon a nonsuit was granted.

Appellants' assignments of error go to the question of whether or not the issuance of the policy bound or obligated the respondent and whether or not the policy was accepted ·by respondent.

[1] Where an insurance agent himself ʰis an applicant for insurance, the company is not bound or obligated, unless, being fully informed of the facts, the company accepts the risk. (32 C. J., 1055, 1071, sec. 149; *Wildberger v. Hartford Ins. Co.,* 72 Miss. 338, 48 Am. St. 558, 17 So. 282, 28 L. R. A. 220; *Ramspeck v. Pathillo,* 104 Ga. 772, 69 Am. St. 197, 30 S. E. 962, 42 L. R. A., N. S., 197; *Salene v. Queen City Fire Ins. Co.,* 59 Or. 297, Ann. Cas. 1916D, 1276, 116 Pac. 1114, 35 L. R. A., N. S., 438; *Nertney v. National Fire Ins. Co. of Hartford, Conn.,* 199 Iowa, 358, 203 N. W. 826; *Weatherholt v. National Liberty Co.,* 204 Ky. 824, 265 S. W. 311.)

Appellants' offer of proof in so far as it pertains to the solicitation of Muncey's business and acceptance was as follows:

"First, if the court please, I offer this for the record. That in the year 1921, and the year 1922, about the middle of the year, Mr. Crockett, the State Agent, came to the office of R. H. Muncey, in Coeur d'Alene, and complained to Mr. Muncey that he wasn't giving them enough of his individual insurance, that is insurance on his own property, and told him at that time he wished he would give

them as much of the insurance as he could let them have. Mr. Muncey explained that it was necessary that he give part of it to another insurance company he represented but would try to do a little better by them. In January, 1923, following this conversation, and in March, 1923, he wrote two policies in favor of this company, and that a few weeks or months afterwards, and before writing the policy in question, Mr. Crockett, the State Agent, again called at Mr. Muncey's office, and stated that he had observed that he was doing better, giving the company more of his insurance and thanked him for it, and told him they would be pleased to have as much of his own insurance as he could spare them. Mr. Muncey told them at that time he would soon have another policy as the property was not ready yet, and the policy here admitted in evidence was the one referred to. Mr. Crockett then said well, see we get it and as many more as you can spare us. Mr. Muncey wrote this policy in response to this request and gave it to their company.''

[2] Nowhere in this offer of proof or at any other place in the record does it appear that appellants offered to prove any more than that more of Muncey's business had been requested by the company and that they desired all of his insurance they could have. It does not appear in the record or in the offer of proof that appellants attempted or offered to prove that the company ever had knowledge of the nature or kind of risk that Muncey stated he was going to give them in this particular policy or that the company had ever agreed to accept or accepted this risk prior to the writing of the policy or at any time. Under the above rule there must have been an acceptance by the company and herein no acceptance was shown or offered to be shown. The mere fact that the company asked for and desired all of appellants' insurance it could have does not affect the rule and therefore the proof offered was properly rejected. (*Weatherholt v. National Liberty Co., supra.*)

For the purpose of showing ratification by the company of his act in issuing the policy to himself appellant intro-

duced in evidence a telegram which he sent to the company as follows:

"Total loss terminal thirty two security fire."

The answer was as follows:

"We have telegram from you reporting loss terminal thirty two. This does not give us the necessary information for the adjustment of claim and we must ask that you prepare the customary notice of loss, sending the original to this office and copy to State Agent Crockett."

[3] The loss occurred before appellant had sent in the premium on this policy and also before he had given the detailed information showing that the policy described by "terminal thirty two" was on his property or the kind of property covered, therefore the company had no information as to what the policy covered, or what the loss consisted of and hence were not bound in any way. The premium covering this policy was returned by respondents. Since there was a total lack of proof that the policy was accepted by the company with knowledge of the risk the nonsuit was properly entered.

[4, 5] Appellant also contends that it was erroneous to allow the nonsuit herein for the reason that respondent examined the witness Muncey under the guise of cross-examination, but actually directly as an adverse party and obtained evidence for himself and thereby waived his motion for nonsuit. When a motion of nonsuit is made at the close of plaintiff's evidence and is denied, and the defendant thereafter submits evidence in support of the defense, the motion for nonsuit is waived, unless renewed at the close of all the evidence. (*Boise City v. Boise City Dev. Co.*, 41 Ida. 294, 238 Pac. 1006; *Blackfoot City Bank v. Clements*, 39 Ida. 194, 226 Pac. 1079.) The converse of this rule is equally true. The motion herein was made at the close of all the evidence in plaintiff's case which was also at the close of any evidence elicited by respondent in any manner and there is no merit in appellants' contention in this regard.

The judgment of the trial court is affirmed. Costs awarded to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.