**BROWN et al. v. HOLSTON et al.**

6 Div. 401.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied Sept. 28, 1933.

226

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, and P. A. Nash, of Oneonta, for appellants.

J. T. Johnson, of Oneonta, for appellee.

ANDERSON, Chief Justice.

This case was tried by the judge without a jury upon an agreed statement of facts, and the sole question presented for decision upon this appeal is whether or not the United States Fidelity & Guaranty Company, as surety, was liable upon the bond in question. Fendley was the administrator of the Holston estate; he was also the attorney in fact and agent for the fidelity company, and, as such, executed the bond for the benefit of himself as administrator.

"Every agency is subject to the legal limitation that it cannot be used for the benefit of the agent himself, or of any person other than the principal, in the absence of an agreement that it may be so used; and, as this is matter of law, and not of fact, all persons must take notice of it. By perverting his powers to his own personal ends and purposes, an agent acts in excess of his authority; and persons who knowingly participate in such act of perversion—as by purchasing

the principal's property with knowledge that the agent intends to convert the proceeds to his own use—are not protected by the authority conferred on the agent." 21 R. C. L. p. 910, § 88; Meachem on Agency (2d Ed.) § 1191. An agent of an insurance or bonding company with authority to contract for insurance or make bonds cannot issue a policy or bond to himself in such a manner as to bind the principal. Salene v. Queen City Fire Ins. Co., 59 Or. 297, 116 P. 1114, 35 L. R. A. (N. S.) 438, Ann. Cas. 1916D, 1276, and note; Clay v. Cummins, 201 Ala. 34, 77 So. 328; Spivy-Johnson Portrait Co. v. Belt Automobile Indemnity Ass'n, 210 Ala. 681, 99 So. 80.

■■ The facts negative a ratification by the fidelity company of the unauthorized act of Fendley. The appellee, however, suggests an estoppel against the bond company under section 2648 of the Code of 1923. This provision has no application to a denial of a legal execution of the bond. It says: "No corporation *having signed* any such bond or undertaking shall be permitted to deny its corporate power to execute such instrument, or incur such liability in any proceedings to enforce liability against it thereunder." (Italics supplied.)

. This merely means that when the corporation signs the bond it is estopped from setting up that the power to do so, or the liability thereby incurred, was ultra vires the corporation, and not that the execution was illegal or unauthorized.

The trial court erred in rendering a judgment against the United States Fidelity & Guaranty Company, and one is here rendered discharging said company from liability. The judgment against Birl Brown, as administrator of the estate of Fendley, deceased, is affirmed, and appellee is taxed with the cost of this appeal.

Reversed and rendered in part, and affirmed in part.

THOMAS, BROWN, and KNIGHT, JJ., concur.