325 P.2d 258

Edith RAGGENBUCK et al., Plaintiffs and Respondents (11 cases),

v.

Emil SUHRMANN, dba Suhrmann's South Temple Meat Company, and Albert Noorda and Sam L. Guss, dba Jordan Meat and Livestock Company and Valley Sausage Company, a Utah corporation, Defendants and Appellants.

No. 8753.

Supreme Court of Utah.

May 8, 1958.

Grant Macfarlane, Hurd, Bayle & Hurd, Wallace R. Lauchnor, Robert Gordon, Salt Lake City, for appellants.

Rawlings, Wallace, Roberts & Black, Thomas A. Duffin, Salt Lake City, for respondents.

WADE, Justice.

This is an intermediate appeal from an order of the District Court consolidating, to determine liability only, 11 suits involving 19 plaintiffs. Each plaintiff claims damages from all of the defendants for

contracting trichinosis through eating a sausage mettwurst product purchased from defendant Suhrmann, doing business as Suhrmann's South Temple Meat Company.

The plaintiffs claim that the other defendants are liable for such damages because they had a part in the preparation of the sausage mettwurst product for sale. They claim damages based on negligence and a breach of an implied warranty. Each plaintiff alleges the same facts as the basis of liability. However, the liability of defendant Suhrmann is based on his selling such product, whereas the liability of the other defendants is based on them supplying Suhrmann with this product. There may be a sharp conflict in the evidence as to such facts.

The order complained of was made on motion of plaintiffs and opposed by the defendants who initiated the intermediate appeal. Appellants contend (1) that such consolidation is contrary to the Constitution and statutory provisions of this State, and (2) that it would be highly prejudicial to defendants. We conclude that the trial court's order was neither erroneous nor a breach of its discretion.

Before considering defendants' claims we call attention to Rule 42 of Utah Rules of Civil Procedure. Subdivision (a) thereof expressly authorizes the trial court to order a joint hearing of common questions of law or fact arising from different actions and to order such proceedings as may tend to avoid unnecessary costs or delay. Subdivision (b) authorizes the trial court in furtherance of convenience or to avoid prejudice to order a separate trial of any separate issue or any number of issues. So, unless the trial court's order is contrary to the Constitution or statutes of this State, or is likely to be prejudicial to defendants, it was clearly within the discretion of the trial court to order a consolidation for trial of the issue of liability in all of these cases.

(1) This order does not violate any constitutional or statutory provision. To support their contention contrary to this statement defendants rely on Article I, Section 7 of our Constitution that no "person shall be deprived of * * * property, without due process of law"; also Article I, Section 10, providing:

"In capital cases the right of trial by jury shall remain inviolate. In courts of general jurisdiction, except in capital cases, a jury shall consist of eight jurors. In courts of inferior jurisdiction a jury shall consist of four jurors. In criminal cases the verdict shall be unanimous. In civil cases three-fourths of the jurors may find a verdict. A jury in civil cases shall be waived unless demanded."

From the details therein provided counsel concludes that the legislature has no power

to change those provisions. We do not disagree with this conclusion but we find nothing in either Section 7 or 10 which is not in complete harmony with the trial court's order.

Counsel then refers to Section 78–21–1, U.C.A.1953, as follows:

"In actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due upon contract or as damages for breach of contract, or for injuries, an issue of fact may be tried by a jury, unless a jury trial is waived or a reference is ordered."

and Section 78–21–2, U.C.A.1953, as follows:

"*All questions of fact,* where the trial is by jury, other than those mentioned in the next section, *are to be decided by the jury,* and all evidence thereon is to be addressed to them, except when otherwise provided." (Italics taken from appellants' brief.)

Counsel claims that this statute, since it uses the term "the jury," means that one and the same jury must try all issues in the case. This is obviously a strained construction of that language. That language simply means that all questions of fact are to be decided by the jury impaneled to try such issues. It does not consider or determine the question of whether more than one jury may try different issues in a case. So, we conclude that neither the Constitution nor these statutes have any bearing on whether the same jury must decide all issues of fact in a given case.

(2) We are also unable to see that the consolidation of these cases for determination of liability only by one jury will be prejudicial to the defendants. Certainly a single determination of the question of liability will tend to save time and expense in the trial. Especially is this true since it is agreed that there will be a sharp conflict in the evidence on the facts which will be determinative of liability.

Defendants' claim, that the consolidation of the cases to determine liability only will be prejudicial, is based on two propositions: (1) They claim that a jury which determines liability only without assessing specific amounts of damages is more apt to decide that question against them than would a jury charged with a determination of the amount of damages. (2) They claim that if the same jury determines liability and the amount of damages, the amount of damages would probably be greatly reduced.

We see no reason why a jury which determines only the question of liability would be more apt to determine that question against the defendants or either of them than would a jury which also determined the amount of damages. In fact, it is

sometimes claimed that a showing that damages have been sustained appeals to the emotions of the jury and causes little or no consideration of the facts which create liability. In such case a jury which determines liability only would more carefully consider the facts on which such liability is claimed than would a jury charged with assessing the amount of damages also.

The claim that a jury which heard all the evidence on liability and damages would be likely to reduce the amount of damages is only well founded where a serious doubt of liability causes a compromise verdict on the amount of damages. Of course, the defendants are not entitled to the benefit of such a compromise verdict. They are only entitled to a separate fair consideration of the issues of fact which are determinative of the question of liability and the amount of damages. In either event we cannot see that either plaintiffs or defendants will be prejudiced by the order of consolidation made by the trial court.

Order of the trial court is affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

HENRIOD, Justice.

I concur, but make the following observation. The consolidation to determine liability which was ordered at pre-trial, so far as I can determine from the record, was without any motion therefor having been made by any of the parties. The consolidation to determine liability no doubt was made to expedite matters and save expense. I am wondering if expedition and saving of expense would not be accomplished further if consolidation were ordered to determine not only liability but to determine damages, if liability were established. In such event, one jury could handle all matters and it would save a great deal of time and expense in impanelling eleven new and different juries.