391 P.2d 290

Meredith PAGE, Plaintiff and Appellant,

v.

UTAH HOME FIRE INSURANCE COMPANY, a Utah corporation, Defendant and Respondent.

No. 9902.

Supreme Court of Utah.

April 9, 1964.

Dahl & Sagers, Midvale, for appellant.

Lawrence L. Summerhays, Salt Lake City, for respondent.

McDONOUGH, Justice:

Plaintiff sued to recover under two fire insurance policies issued by the defendant, one for $20,000 and one for $10,000 on a fourplex building owned by plaintiff, which was destroyed by fire.

The case was submitted to the jury on these special interrogatories:

"1. What was the actual cash value of the burned fourplex just before it was destroyed by fire?

"Answer: $10,000.

"2. Did plaintiff Meredith Page knowingly fail to make a full and honest disclosure to defendant Fire Insurance Company of the material facts regarding the nature and intended use of the burned fourplex?

"Answer: Yes."

On the basis of the jury's findings, the court entered judgment denying plaintiff recovery on either policy. But it later entered an order granting plaintiff's motion for a new trial. Upon a reconsideration of that order, the court stated that he thought that the issues as to the two policies should have been submitted to the jury separately. He then reinstated the judgment against the plaintiff as to the first policy (the $20,-000 one). But as to the second policy (the

$10,000 one) he ordered a new trial on the single issue posed by interrogatory No. 2 above set forth.

The plaintiff appealed from the judgment against him on the first policy (the $20,000 one); whereas the defendant seeks to sustain it; and the defendant cross-appealed, seeking reinstatement of the judgment against the plaintiff on the second policy (the $10,000 one).

Inasmuch as the jury found against the plaintiff, that he did not make a full disclosure of material facts to the defendant, wherever there is conflict in the evidence on that issue, the defendant is entitled to have us review it in the light most favorable to that finding.

Plaintiff Page purchased the building in question from the U. S. Government in December, 1958, for approximately $1,800. It was a substantial building which had been used as an Air Force Officers' Quarters at the Salt Lake Air Base. It was the plaintiff's purpose to, and he in fact did, move the building about 20 miles to the southern part of Salt Lake County and placed it on property at 14610 South State Street, just south of Utah State Prison.

Plaintiff Page had been an agent for the defendant Utah Home Fire Insurance Company for over 30 years, and worked through Heber J. Grant & Company, a general agent for the defendant. Shortly after he purchased the building, Mr. Page discussed with Mr. O. C. Inkley, Secretary of that Company, the matter of taking out fire insurance on it. He gave the information as to its size, construction and condition; that the plumbing, heating and lighting were in; that he intended to move the building; and that it would need some minor repairs. But the defendant's evidence is that Mr. Page did not disclose to Mr. Inkley these facts: that the building would have to be cut in several pieces to be moved; that the internal wiring, plumbing and heating lines would be cut; that many of the windows and some of the walls were damaged; and that the building would remain vacant for some time.

There can be no doubt but that these facts would increase the fire risk. The Company relied on Mr. Page's representations as to the condition and location of the building and did not send anyone else out to inspect it. On December 31, 1958, it issued a fire insurance policy for $20,000 showing the location of the building to be at 14610 South State Street. The policy was signed by the plaintiff, Meredith Page, as agent. The building was severed and in four or five pieces was moved to that location in April, 1959. Some time after it was set up there and some superficial repairing done on it, Mr. Page, by telephone, ordered an additional policy on it in the amount of $10,000. Pursuant to this order, the second policy (the $10,000 one) was issued on June 27, 1960, also signed by

the plaintiff Meredith Page as agent. It was about eight months later, on February 11, 1961, that the building was destroyed by fire.

■■ We are not impressed with the plaintiff's contention that the issue of fraud and failure to disclose was improperly allowed in the case because it was done after the pretrial conference and order. Three weeks before trial the court granted defendant's motion to amend the order to include the issue whether plaintiff violated his fiduciary duty. Plaintiff had ample opportunity to meet the issue, and that is all that is required.[1] Nor do we find merit in the charge that the court erred in submitting the special interrogatories instead of a general verdict, as requested by the plaintiff. This procedure is sanctioned by our rules.[2]

■ The plaintiff also contends that the second interrogatory concerning whether Mr. Page knowingly failed "to make a full and honest disclosure of material facts" is vague and uncertain in that the jury would not have understood what the material facts were. Upon our survey of the trial and of the respective contentions of the parties, it is our opinion that jurors of ordinary intelligence, which they are pre-sumed to be, would have had no difficulty in understanding what was meant by the material facts and that the issue they were to determine was whether the plaintiff disclosed such facts to the Company. Accordingly, we find no prejudicial error in that regard. The same observations and conclusion apply to the instructions as to value about which the plaintiff complains.

■ Due to the fact that the plaintiff as agent for the defendant Company was in an advantaged position to know the facts concerning the insurability and the risk involved on this property, and to the fiduciary relationship he bore to the defendant Company as its agent, he had an affirmative duty to make disclosure of the material facts relating to the insurability and the risk involved in this property. This is particularly so because of his self-interest in the transaction. Under such circumstances, the failure to make disclosure of facts which would have a material bearing upon the decision as to whether to issue the insurance constitutes a fraud on the principal sufficient to avoid the policy, and the trial court was justified in entering such judgment on the basis of the jury's findings that he failed to make such disclosure.[3]

---

1. See Morris v. Russel, 120 Utah 545, 236 P.2d 451, 26 A.L.R.2d 947; and Taylor v. E. M. Royle Corp., 1 Utah 2d 175, 264 P.2d 279.
2. Rule 49(a) U.R.C.P.

3. Restatement of Agency, Sec. 390; see also Fireman's Fund Ins. Co. v. McGreevy, 8 Cir., 118 F. 415; Westchester Fire Ins. Co. of New York City v. Fitzpatrick, 3 Cir., 2 F.2d 651; Cascade Fire & Marine Ins. Co. v. Journal Pub. Co., 1 Wash. 452, 25 P. 331; Muncey v. Security Ins. Co., 43 Idaho 441, 252 P. 870.

A substantially different problem exists in regard to the second policy (the $10,000 one) in view of the fact that the trial court granted a new trial with respect thereto. Although the observations above made about the judgment on the $20,000 policy are generally applicable to the $10,000 policy, there are some substantial differences. When the latter policy was issued the building had been moved and restored in its new location. The transaction in obtaining the policy was handled in a different manner and with different personnel. Additionally, there had been a fire loss to an outbuilding (a toolshed) on the premises, which the defendant Company had sent another of its agents to inspect. These facts may justify the trial court's conclusion that the issue as to disclosure of material facts as to the $10,000 policy should be tried separately. Rule 42(b) U.R.C.P. recognizes that when the court considers it convenient or desirable in the interest of justice, any separate issue may be tried separately.[4]

The broad discretionary power of the trial court in the granting or denying of new trials is well established. This is necessarily so to allow the court an opportunity to cause re-examination or correction of jury verdicts or findings which it believes to be in error or where there is substantial doubt that they were fairly tried. And we have repeatedly expressed our reluctance to interfere with its judgment in such matters unless the action is clearly unreasonable and arbitrary. There having been a plenary trial of the controlling issue as to the $20,000 policy; the jury having rendered its verdict adverse to the plaintiff; and the trial court having given its approval by refusing to grant a new trial thereon, that is all the parties are entitled to and the judgment with respect thereto is affirmed. On the other hand, the trial court having concluded that as to the $10,000 policy there should be a new trial on the issue whether the plaintiff made a full and honest disclosure of the material facts, we are not prepared to say that he transgressed the broad latitude of discretion allowed him in such matters, and that order is likewise affirmed, and the cause is remanded for trial of that issue. The parties to bear their own costs.

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.

---

4. See comment on the rule in Raggenbuck v. Suhrmann, 7 Utah 2d 327, 325 P.2d 258.