418 P.2d 231

Meredith PAGE, Plaintiff and Respondent,

v.

UTAH HOME FIRE INSURANCE COMPANY, Defendant and Appellant.

No. 10501.

Supreme Court of Utah.

Sept. 22, 1966.

Lawrence L. Summerhays, Salt Lake City, for appellant.

Everett E. Dahl, Midvale, for respondent.

18. Leininger v. Stearns-Roger Manufacturing Company, 17 Utah 2d 37, 404 P.2d 33 (1965).

HENRIOD, Chief Justice:

Appeal from a jury verdict and judgment in a case involving a fire insurance policy. Affirmed with costs to plaintiff.

Plaintiff was an agent for defendant for 30 years or more. He bought a rather worn out army surplus officers' barracks for $1600 including its transportation about 20 miles to a piece of property he owned on the southwest corner of an intersection where the state highway had a project to take it by eminent domain in connection with a freeway.

Before the building was moved, plaintiff, as insurance agent for defendant obtained a $20,000 policy on the building, collecting a premium on the policy. After he did this and after the building was set on a foundation, windows replaced, some painting and roofing repairs made, he sold to himself an additional $10,000 policy and collected the premium therefor. It wasn't long, and after plaintiff had contacted the highway department seeking a settlement for damages for the loss of his building because apparently it and his property were to be condemned, that a fire of unproved origin, laid the officers' club derelict to rest.

A suit for $30,000 ensued, and the jury said plaintiff fraudulently obtained the policies by fiduciary nondisclosure of important facts. The trial court sustained the ju-

ry's verdict as to the $20,000 policy but decided to have a new trial on the second $10,000 policy, because it was taken out later and there was a doubt factually as to whether the fraud persisted at that time. We sustained the trial court in its position and ordered a new trial only as to the second, $10,000 policy.[1]

On the trial of that issue, the second jury awarded $10,000 to plaintiff for damage to the officers' barracks.

Under the facts of this case, the writer, had he been a member of the jury, and without committing his colleagues, would have denied any recovery whatsoever.

However, under our legal system, the jury arbiter of the facts, believed otherwise on admittedly controverted evidence, even though the plaintiff's memory conveniently was chameleonic in direct proportion to his personal interests.

■■ I think this court may have been more comfortable had the jury decided otherwise, but the jury unanimously discomfited that discomfort, and having decided as it did on disputed evidence, without any substantial indication of capriciousness, we must sustain the verdict and judgment on familar principles of appellate review. This disposes of defendant's three points of appeal, except No. III(b) which urged that the court should have instructed the jury that in the first case plaintiff was

1. 15 Utah 2d 257, 391 P.2d 290.

denied recovery because of the finding he had been guilty of deceit. We think that such an instruction would have been prejudicial, and hence cannot go along with defendant in that respect.

McDONOUGH, CROCKETT, CALLISTER, and TUCKETT, JJ., concur.